GREENSTEIN DELORME & LUCHS, P.C.
James D. Sadowski (DC Bar #446635)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Plaintiffs Developer RE1 LLC and*
  *423 Kennedy St Holdings LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>JPK NEWCO, LLC,<br><br>    *Debtor*. | Case No.: 24-00262-ELG<br>Chapter 11 |

### LIMITED OBJECTION TO APPLICATION FOR AUTHORITY TO EMPLOY WOLFF & ORENSTEIN, LLC AS ATTORNEY'S FOR DEBTOR

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy"), two persons that are potentially impacted by this involuntary Chapter 11 Case, file this limited Objection to the application for employment filed on August 6, 2024 (ECF No. 5). In support of this limited Objection, Developer RE1 and 423 Kennedy represent to the Court as follows:

Brief Factual Background

1.  Developer RE1 and 423 Kennedy are borrowers under certain loan documents who are potentially impacted by the filing of this involuntary case.

2.  Developer RE1 and 423 Kennedy believe that the involuntary petition in this case was filed by a friendly creditor of the Debtor for the improper purpose of trying to create a core proceeding as a jurisdictional bootstrap for the improper removal of two D.C. Superior Court cases by the owners of, and persons affiliated with, the Debtor. *See generally* Case No.

8161\0002\4871-5251-7082.v1

24-10023-ELG (adversary proceeding improperly removed to this Court by the WCP Fund I, LLC, DP Capital, LLC, Daniel Huertas, Russell Drazin, and SF NU LLC).

3. The individuals behind the various WCP entities are trying to forum shop state law claims to this Court. *See generally* Exhibit 1 (ECF No. 13 in Case No. 24-10023) (outlining the close and controlling relationships between the WCP entities and individuals).[1]  These individuals are able to manipulate and control who owns which loan documents in order to create litigation roadblocks for their benefit.

4. According to the Application, the Debtor is a sole purpose limited liability company that was formed by Russell Drazin on February 1, 2024.  The Application further indicates that:

> The Debtor was created for the purpose of holding two Promissory Notes ("Notes") that were viewed as potentially being tainted assets, and holding those assets for use in the negotiation of a resolution of claims asserted in litigation with the potential of offering an interest in the Debtor as part of the resolution. *Although settlement negotiations were pursued, no settlement was reached.*

Appl. at page 2, ¶ 8 (italic emphasis added).

5. Although the Application does not disclose what "litigation" is being referenced, it is highly likely that the use of "litigation" refers to two cases filed in D.C. Superior Court by the movants that were consolidated: *Developer RE1 LLC v. DP Capital d/b/a Washington Capital Partners, et al.,* Case No, 2022-CAB-005935) and *423 Kennedy St. Holdings, LLC v. DP*

---

[1] Exhibit 1 is the as-filed version of the Motion for Remand that was filed on July 22, 2024 without the ECF generated numbers and other text printed at the top, which would become unreadable after this Objection is filed and additional ECF text is overlayed.

*Capital d/b/a Washington Capital Partners, et al.,* Case No. 2023-CAB-004260. These two cases may be referred to together as the "Consolidated Cases".[2]

6. No other basic information about the business of the Debtor is disclosed in the Application, such as whether the Debtor ever conducted any business, whether and how it was funded, whether it ever had any employees, how and why it became indebted to Shaheen Sariri, the petitioning creditor, or whether it has any other creditors.

7. The Application also does not disclose how a shell company less than six months old, whose business purpose involved the negotiation of a settlement that was never achieved, somehow now needs protection under the bankruptcy code, either under Chapter 11 or otherwise.

8. The Application also discloses that the Debtor is wholly owned by the WCP Fund I, LLC and SF NU, LLC. Those two limited liability companies are defendants in the Consolidated Cases, which were removed to this Court just a few days before the movants were planning to take the depositions of Mr. Huertas, the WCP Fund, DP Capital, Mr. Drazin, SF NU, LLC, Jasen Shrensky, and multiple employees of DP Capital. Mr. Shrensky is believed to be the individual behind SF NU, LLC, another shell company that was likely created for the sole purpose of holding the Notes.

9. The timing of the filing of the involuntary petition here on July 23, 2024, likely by a friendly creditor -- and perhaps the only creditor -- is highly suspect. Less than 48 hours before the involuntary petition was filed, the borrowers filed a Motion for Remand of the

---

[2] In early 2024, the parties to the Consolidated Cases were engaged in private mediation before Judge Richard Levie (ret.) with JAMS. The first, in-person mediation session was held on January 8, 2024, with a second, remote (Zoom) session held on January 25, 2024. Settlement discussions continued after the two sessions JAMS, with a proposal to resolve one case sent on March 29, 2024.

Consolidated Cases, which were removed to this Court on July 4, 2024. *See* ECF No. 13 in Case. No. 24-10023-ELG (the Motion for Remand).

10. In the Motion for Remand, the borrowers pointed out the remote and threadbare connection of the Consolidated Cases to another involuntary petition involving Charles Paret (Case. No. 23-00217-ELG) and a related adversary proceeding (Case No. 23-100025). Put another way, as of July 21, 2024, there was no core proceeding that would provide a jurisdictional basis for this Court to hear the removed cases. The claims in the Consolidated Cases dd not arise under title 11 nor did they arise in a case under title 11; rather, those claims arose under state law.

11. The borrowers believe that the involuntary petition in this case was filed in bad faith after the Defendants in the removed cases realized that there was a threadbare (if any) jurisdictional basis to support removal, so they either orchestrated, or did not resist, putting the Debtor into bankruptcy in order to create a "core proceeding" that the Court could then latch on to as a jurisdictional basis to support the prior removal of the Consolidtaed Cases.

12. The WCP Defendants' manipulation of the process was confirmed in the Opposition to the Motion for Remand that was just filed, which Opposition the Debtor joined, and in which they argue that the filing of this case created a core proceeding. *See* ECF No. 20 in 224-10023-ELG, Part III, B. ii ("The JPK Case Renders this Dispute 'Core'").

13. The borrowers, the US Trustee's Office, and the Court should first be given the opportunity to evaluate whether the involuntary petition was filed for an improper purpose, or involves a two-party dispute, before this case goes any further.

14. The borrowers do not oppose the appointment of counsel *per se*. Rather, the movants object to the appointment of counsel for purposes other than: (a) the filing of the

4

Debtor's schedules; (b) representing the Debtor at the meeting of creditors; and (c) representing the Debtor at any Rule 2004 examination that is requested.

For these reasons, and for any reasons that may be advanced at the hearing on the Application on September 4, 2024, Developer R1 and 423 Kennedy object to this Court permitting any employed counsel for the Debtor from performing any services other than those listed in paragraph 14. This case should go no further until it is first determined (i) whether the involuntary petition was filed for an improper purpose and (ii) whether the Debtor actually has a business that needs protection under the bankruptcy code.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: August 20, 2024

/s/ James D. Sadowski
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails:  jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Developer RE1 LLC and
 423 Kennedy St. Holdings LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August, 2024, a true copy of the foregoing Limited Objection to Application for Authority to Employ Wolff & Orenstein, LLC as Attorney's For Debtor was filed electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

5

8161\0002\4871-5251-7082.v1