GREENSTEIN DELORME & LUCHS, P.C.
James D. Sadowski (DC Bar #446635)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Plaintiffs Developer RE1 LLC and*
  *423 Kennedy St Holdings LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>JPK NEWCO, LLC,<br><br>    *Debtor*. | Case No.: 24-00262-ELG<br>Chapter 11 |

**OBJECTION TO APPLICATION TO APPROVE
EMPLOYMENT OF SPECIAL COUNSEL FOR THE DEBTOR**

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy"), two persons that are potentially impacted by this involuntary Chapter 11 Case, file this Objection to the Application to Approve Employment of Maurice B. VerStandig, Esq. ("Proposed Special Counsel") and the Verstandig Law Firm as Special Counsel for the Debtor filed on August 12, 2024 (the "Application) (ECF No. 12).  In support of this Objection to the Application, Developer RE1 and 423 Kennedy represent to the Court as follows:

Incorporation of Limited Objection

1. Because brevity is the heart of good pleading, Developer RE1 and 423 Kennedy incorporate by reference the facts and arguments made their Limited Objection to the employment of general bankruptcy counsel for the Debtor that was filed on August 20, 2024 (ECF No. 14).  The Court should not approve the appointment of any special counsel until it has

8161\0002\4887-3342-4861.v1

been determined whether the involuntary petition here was filed for an improper purpose, or involves a two-party dispute.  *See generally* ECF No. 14.

## Additional Reasons in Support of the Objection

2.  In addition to their prior, incorporated arguments, Developer RE1 and 423 Kennedy note that at the July 26, 2024 hearing on a variety of motions in the removed Consolidated Cases (Case No. 24-10023-ELG),[1] Proposed Special Counsel stated that: "I can preview, and there's a lot of things that are going to need to get figured out, starting with *I don't think that I can represent [the Debtor] in bankruptcy . . .*"  *See* ECF No. 17 (audio file) in 24-10023-ELG (starting at 06:23 in the audio file).  Yet in the Application, Proposed Special Counsel discloses that he has "previously performed legal work for the benefit of [the Debtor]."

3.  It is not clear how Proposed Special Counsel's prior belief that there was a roadblock to his representation of the Debtor, which may have been related to an actual or potential conflict of interest, has since changed, in particular because Proposed Special Counsel has now disclosed that he *already* performed prior legal work for the benefit of the Debtor.  The extent of that "prior legal work" is not disclosed in any meaningful detail

4.  Given that the Debtor was formed in February of this year, Proposed Special Counsel may have received payments for his "prior legal work" from the Debtor during the preference period.

---

[1]  The removed Consolidated Cases are *Developer RE1 LLC v. DP Capital d/b/a Washington Capital Partners, et al.,* (Case No, 2022-CAB-005935) and *423 Kennedy St. Holdings, LLC v. DP Capital d/b/a Washington Capital Partners, et al.,* (Case No. 2023-CAB-004260) now known in this Court as Case No. 24-10023-ELG.

5.  The Debtor has to date not filed any schedules, and the Application contains no explanation about what available funds the Debtor has, or how the Debtor is going to fund the employment of a special counsel.

6.  Paragraph 8 of the supporting Declaration indicates that "the interests of JPK NewCo LLC ("JPK" or the "Debtor") are "aligned" with those of WCP, DPCL, SNL, and Mr. Huertas insofar as the RE1 Litigation is concerned." Decl. at 2, ¶ 8. But what if the "alignment" of those persons' interests later becomes adverse? The Declaration does not explain whether and to what extent Proposed Special Counsel advised the "aligned" clients about any potential future conflict of interest, except perhaps as to Mr. Drazin.

7.  The Application again confirms that the WCP, DPCL, SNL, and the Debtor are all controlled by Mr. Huertas under the Washington Capital Partners ("WCP") umbrella, and that they are all acting as one. Developer RE1 and 423 Kennedy continue to believe that the Debtor is another WCP-controlled entity that was created for the sole purpose or putting a roadblock in the way of Developer RE1 and 423 Kennedy's attempt to prosecute the Consolidated Cases.

8.  Proposed Special Counsel has fast-tracked his Application for a hearing on August 28, 2024, before the Court has had the opportunity to address whether and to what extent the employment of general bankruptcy counsel is warranted. That related application for employment is not set for a hearing until September 4, 2024. The Court should first address whether and to what extent the employment of general bankruptcy counsel is warranted before considering the employment of any special counsel.

For these reasons, and for any reasons that may be advanced at the hearing on the Application on August 28, 2024, Developer R1 and 423 Kennedy object to this Court approving the employment of special counsel at this time. This case should go no further until it is first

determined (i) whether the involuntary petition was filed for an improper purpose and (ii) whether the Debtor actually has a business that needs protection under the bankruptcy code.

        Respectfully submitted,

        GREENSTEIN DELORME & LUCHS, P.C.

Dated: August 26, 2024        /s/ James D. Sadowski
        James D. Sadowski (DC Bar #446635)
        Alexandria J. Smith (DC Bar #1781067)
        801 17th Street, N.W., Suite 1000
        Washington, D.C. 20006
        Phone: (202) 452-1400; Fax: (202) 452-1410
        Emails: jds@gdllaw.com; ajs@gdllaw.com
        *Counsel for Developer RE1 LLC and*
        *423 Kennedy St Holdings LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August, 2024, a true copy of the foregoing Objection to the Application to Approve Employment of Maurice B. Verstandig, Esq. and the Verstandig Law Firm as Special Counsel for the Debtor was filed electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

        /s/ James D. Sadowski
        James D. Sadowski