UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN RE:                                        *

JPK NewCo, LLC                                *      Case No. 24-00262-ELG
                                                     (Chapter 11)

                        Debtor                *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

OPPOSITION TO MOTION FOR RETURN OF ALL
COMPENSATION RECEIVED FROM OR ON BEHALF OF THE DEBTOR

Come now JEFFREY M. ORENSTEIN and WOLFF & ORENSTEIN, LLC ("Proposed

Counsel"), proposed counsel for JPK NewCo, LLC (the "Debtor"), and in response to the Motion

for Return of All Compensation Received from or on Behalf of the Debtor (the "Motion") (Dkt.

22) state as follows:

SUMMARY OF OPPOSITION

"Ready, fire, aim" ordered the Office of the United States Trustee ("UST"), the self-

appointed judge, jury, and executioner in this case.  By its Motion, the UST has decided that the

Involuntary Petition (the "Petition"), filed on behalf of Shaheen Sariri ("Mr. Sariri"), was filed in

bad faith[1] and, having done so, has conclusively determined that the Debtor is not entitled to have

---

[1]      Because it is not relevant to the determination of the Motion, for purposes of this
argument only, Proposed Counsel will not address the issue of whether the Petition was filed in
good faith in bad faith.  Indeed, at this point, Proposed Counsel has no authority to speak on
behalf of the Debtor.  Proposed Counsel's arguments apply whether the Petition was filed in
good faith or in bad faith.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          1

an attorney in this case to assist it in preparing Schedules, Statement of Financial Affairs, and other similar early case filings, and, more importantly, has conclusively determined that the Debtor is not entitled to have counsel to assist the Debtor in preparing a Plan or to assist the Debtor in responding to the Motion or any other papers that might have consequences for the Debtor if not timely or properly addressed.  The concept that a non-individual debtor in a bankruptcy case is not entitled to have counsel is, in a word, ludicrous.  By law, a limited liability company cannot act *pro se* and must have counsel.

Beyond the UST's absurd assertion that the Debtor may not have counsel in this case, operating on speculation and what can only be described as a reckless misstatement of facts, the UST inaccurately suggests that Proposed Counsel was involved in a fraudulent filing and, for that reason, cannot serve as the Debtor's counsel.  As Proposed Counsel always does, prior to the filing of the Motion, Proposed Counsel fully cooperated with the UST, voluntarily answered questions about the funding of Proposed Counsel's retainer, and voluntarily amended undersigned counsel's Verified Statement to provide additional details regarding the funding of the retainer.  Notwithstanding those actions, and without undertaking further investigation, the UST filed its Motion presuming facts and ascribing, to Proposed Counsel, motivations that could not be further from the truth.  Upon receipt of the Motion, Proposed Counsel advised the UST that ITS Motion was filed in bad faith and in violation of Bankruptcy Rule 9011, and invited the UST to reconsider its actions and withdraw the offending Motion.  The UST declined, in writing

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          2

and, thereafter, filed a Supplemental Memorandum in Support of the Motion (the "Supplement")

accusing undersigned counsel of engaging in fraud and of violating the Rules of Professional

Conduct.  The USTs' attempts to strong-arm Proposed Counsel in order to leave the Debtor

without counsel has not scared away Proposed Counsel and Proposed Counsel welcomes the

opportunity to address the Motion and the accompanying allegations, and to clear their good

name, in open court.

FACTUAL BACKGROUND

1.      In the early part of 2024, Proposed Counsel was contacted by Maurice VerStandig

("Mr. VerStandig") and advised that he was working with a client that might require bankruptcy

representation in Chapter 11 case in the District of Columbia.

2.      At the time, undersigned counsel knew Mr. VerStandig from work in prior cases

and, based upon the work in those cases, had made referrals to Mr. VerStandig for potential

representation in other, unrelated, cases.  Undersigned counsel had never socialized with Mr.

VerStandig and had never had any interactions with Mr. VerStandig outside of Coiurt and bar

functions.

3.      Many months passed without further communication about the potential client and

undersigned counsel, assuming the issues had been worked out, largely forgot about the contact

from Mr. VerStandig.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC        3

4.      At some later point, which undersigned counsel believes not to have been prior to July of 2024, Mr. VerStandig called undersigned counsel and advised that an Involuntary Petition was likely going to be filed against the client he had discussed previously.  Mr. VerStandig asked whether undersigned counsel would be willing to represent the client if the Involuntary Petition was filed.

5.      Having significant experience in representing both debtors and creditors in involuntary cases, undersigned counsel agreed in concept.  Undersigned counsel noted that, except in oversized Chapter 13 type cases and other unusual circumstances, Proposed Counsel typically required a retainer of no less than $25,000.00 to represent a debtor in a Chapter 11 case.

6.      As of that time, undersigned counsel had not spoken with any officer, director, shareholder or employee of the Debtor, had not spoken with Mr. Sariri or anyone acting on behalf of Mr. Sariri, and had not yet seen any of the Debtor's documents relating to its assets, liabilities, or financial condition.

7.      Early in the morning on July 23, 2024, Mr. VerStandig sent undersigned counsel a copy of the Petition and asked for wire instructions for a retainer to be sent.

8.      Undersigned counsel does not recall if Mr. VerStandig had advised in advance that the Petition was actually going to be filed on July 23, 2024, but believes that there must have been at least one additional prior conversation because Mr. VerStandig was aware of Proposed Counsel's retainer requirements and had told undersigned counsel that the Debtor would only

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          4

have $23,000.00 available as a retainer..  Mr. VerStandig asked whether Proposed Counsel

would accept $23,000.00 rather than the usual retainer of $25,000.00 that had been discussed.

Undersigned counsel agreed.

9.      On July 23, 2024, Mr. VerStandig sent an e-mail to undersigned counsel and the

Debtor's representative, Daniel Huertas ("Mr. Huertas"), introducing Mr. Huertas to undersigned

counsel.  At approximately 7:00 that evening, for the first time, undersigned counsel reached out

to Mr. Huertas to make arrangements to have an initial discussion.  That initial discussion was

delayed for several additional days due to scheduling conflicts.

10.     On July 24, 2024, undersigned counsel asked his bookkeeper to check with the

bank to see whether the sum of $23,000.00 had arrived into Proposed Counsel's trust account.

At 9:30 p.m., undersigned counsel received an e-mail from his bookkeeper advising that the

funds had arrived.  The e-mail did not specify who had sent the funds and, at that time,

undersigned counsel had no reason to believe that the funds had come from anyone other than the

Debtor.

11.     On July 30, 2024, undersigned counsel had a general discussion with Mr. Huertas

about JPK's assets and liabilities, about a plan for proceeding with the case, about an election

under Subchapter V, and about terms of Proposed Counsel's engagement.

12.     As of that time, and because Proposed Counsel did not have an engagement

agreement with the Debtor, undersigned counsel did not go into any significant detail with Mr.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC        5

Huertas about the Debtor's activities and, rather, delayed those discussions until after Proposed

Counsel had been retained.  That same day undersigned counsel sent an engagement agreement

to Mr. Huertas.

13.     That same day, undersigned counsel also called Kristen Eustis ("Ms. Eustis"), an

attorney with the UST, advised her of Proposed Counsel's likely retention, and advised her of the

likelihood that an election was going to be made to proceed under Subchapter V if Proposed

Counsel was retained.

14.     After receiving the signed engagement agreement back from Mr. Huertas, on

August 6, 2024, Undersigned Counsel filed the Debtor's Application for Authority to Employ

Wolff & Orenstein, LLC as Attorneys for the Debtor (the "Application").  In the Application, the

following statement was made:

> 14.     W&O has been provided with a retainer in the amount of
> $23,000.00 to be applied towards services to be rendered and expenses
> incurred in connection with the Chapter 11 proceeding.  The retainer is
> being held by W&O in its trust account.

15.     In gathering information that would be relevant for the preparation of the Debtor's

Schedules and Statement of Financial Affairs, undersigned counsel became aware that the Debtor

was the holder of three Promissory Notes.  Two of the Notes (the "Notes"), with principal

balances due of more than $1,000,000.00, are the subject of litigation in an adversary proceeding

assigned Adversary Proceeding No. 24-10023-ELG (the "Adversary Proceeding") in this Court.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          6

16.     At the time the Petition was filed, undersigned counsel was generally aware of the litigation and its relationship to the Notes.  Undersigned counsel was also aware that Mr. VerStandig was involved in the litigation, but undersigned counsel had never seen any of the pleadings.  While undersigned counsel was aware of the litigation, undersigned counsel had not played any role in the litigation or in the events leading up to the commencement of the litigation.  Because the Debtor's assets were impacted by the Adversary Proceeding, undersigned counsel requested information about the Adversary Proceeding and was provided with a copy of the Motion for Remand and to Suspend Defendants' Motions, Hearings, and Related Response Deadlines (the "Adversary Motion") that had been filed by Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively the "Adversary Plaintiffs").

17.     On August 20, 2024, the UST conducted the Debtor's IDI and, in connection with that IDI, Ms. Eustis inquired as to the source of the funds for Proposed Counsel's retainer.  At that time, undersigned counsel had confirmed that the funds were received into Proposed Counsel's trust account, but had not made, and had no reason to make, further inquiry.

18.     As requested by Ms. Eustis, undersigned counsel made inquiry and learned that the funds had come from Mr. VerStandig's trust account.  Undersigned counsel contacted Mr. VerStandig to learn why he had been holding the funds and was advised that the funds had come to him from the Debtor and that the Debtor had provided the funds to him as a retainer for

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC           7

anticipated litigation.  Undersigned counsel presumed, but did not know, that the litigation was

the Adversary Proceeding.  Undersigned counsel reported that information to Ms. Eustis and was

asked by Ms. Eustis to file a Supplemental Verified Statement to include that information.

19.      On August 27, 2024, undersigned counsel attended a hearing in the Adversary

Proceeding to get a better understanding of the matter in order to see how, if at all, the litigation

would impact the bankruptcy case.  At that hearing, the Court discussed the concept of the so-

called "Texas Two Step" and, without ruling on any issues, generally discussed the concept in

some contexts and the potential application of that concept in this case.  It is undersigned

counsel's understanding and belief that this "Texas Two Step" concept is the source of the UST's

angst.

20.      On August 28, 2024, Hugh Bernstein ("Mr. Bernstein") an attorney in the UST's

office, e-mailed asking about the date that Proposed Counsel received the funds into escrow and

seeking confirmation that the funds had come from Mr. VerStandig's firm.  Although

undersigned counsel had shared that information with Ms. Eustis, undersigned counsel responded

to his questions that same day.

21.      Also that same day, undersigned counsel filed a Rule 2016(b) disclosure and, as

requested by Ms. Eustis, undersigned counsel filed a Supplemental Verified Statement in which

undersigned counsel's knowledge of the source of the retainer was provided in more detail as

follows:

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          8

3.      As disclosed in the Application, W&O has received a retainer in the amount of $23,000.00 to be applied towards services to be rendered and expenses incurred in connection with the Debtor's Chapter 11 proceeding.  The retainer is being held by W&O in its trust account.

4.      The amounts that funded the retainer were wired to W&O from the trust account of The VerStandig Law Firm, LLC.  Prior to receiving the funds, I inquired and was advised that the funds were funds that The VerStandig Law Firm, LLC had received from the Debtor and had been holding in trust.  Being satisfied that the funds were the Debtor's funds, I accepted the funds as W&O's retainer and undertook the engagement that is the subject of the Application.

5.      At the request of the Office of the United States Trustee, I have made further inquiry of The VerStandig Law Firm, LLC regarding the funds that were provided to W&O for its retainer and was advised that the Debtor had provided the funds to The VerStandig Law Firm, LLC to cover legal fees that the Debtor anticipated becoming due to The VerStandig Law Firm, LLC for legal services that it would incur in connection with litigation in which the Debtor anticipated that it would become a party.  When the Involuntary Petition was filed against the Debtor prior to the time that the Debtor became a party to the litigation, the Debtor required counsel to provide representation in the bankruptcy case and W&O required a retainer to be engaged.  I was advised that The VerStandig Law Firm, LLC was holding $23,000.00 in its trust account that could be made available to fund a retainer and I agreed to accept that amount although it is less than the amount I typically would have required for a case of this nature.  On July 23, 2024, I provided wiring instructions and on July 24, 2024, the funds were received W&O's trust account where those funds remain today pending an application for an allowance of fees and an Order approving the request for fees in this case.

22.      While undersigned counsel did not see a need to file a supplemental verified statement, undersigned counsel was willing to provide that document in a continuing effort to, as in every case, be fully cooperative.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC      9

23.     On September 4, 2024, after receiving full and complete cooperation from

Proposed Counsel, the UST filed its Motion.

24.     On September 5, 2024, after reviewing the Motion, undersigned counsel wrote to

the UST stating:

> Just as a heads up, I fully understand why your office would desire to file a
> motion to dismiss the case and certainly would be addressing that in due
> time.  On the other hand, having read the objection and motion for
> disgorgement and knowing the facts, I see no basis for the filing of that
> motion.  As a courtesy, I wanted to give you a heads up that I likely will be
> preparing a Rule 11 Motion and wanted to give your office and
> opportunity to reconsider its position and withdraw the Disgorgement
> Motion before I spend the time doing that.  I have filed very few Rule 11
> Motions in my nearly 40 years of practice and have never seen the need to
> file one against the UST. Likewise, in my almost 40 years of practice, I
> have never had a motion to disgorge filed against me.  In my opinion, the
> Motion is baseless as it relates to me and my retainer and is being used as
> leverage in connection with the JPK case. As an initial matter, beyond
> knowing that the funds for my retainer had been provided by my client to
> Mr. Verstandig to hold in his trust account to fund his retainer, I had no
> idea what the genesis of those funds were, nor did I have any reason to
> even consider the question when I accepted the engagement.  Beyond that,
> and assuming the funds were from a loan that JPK had originally borrowed
> from what became the Petitioning Creditor, I am not sure that would have
> made any difference even if I had known it.  I have not yet researched that
> issue, but I it seems rather attenuated to me. Essentially, applying your
> rationale, you cannot be filing motions against me because of you have an
> inherent conflict due to the fact that I pay taxes that are used to fund your
> salaries.  I suspect that my argument, were I required to make it, would not
> hold much sway and believe your argument to be equally without merit.  I
> understand that I will need to give you time to consider withdrawal before
> filing the Motion and, for that reason, likely will be filing a motion to
> extend the time to respond to the disgorgement motion to allow the
> requisite time for your office to withdraw the offending pleading. Please

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          10

let me know whether your office will consent to that extension so that I
can reference that in my motion.

25.    The UST declined to withdraw the Motion and, instead, doubled-down and filed

the Supplement.

<u>ARGUMENT</u>

In its first argument, the UST states that:

> When ruling on an employment application under Section 327, the
> Court must decide "whether it is reasonably necessary during the
> administration of the estate" to employ the professional person.

Proposed counsel could not agree with this statement more.  Indeed, this statement is the

lynchpin upon which the an application to employ counsel for any debtor must be judged.  In the

case at bar, the Debtor is not seeking to retain a real estate agent.  The Debtor is not seeking to

employ a forensic accountant.  The Debtor is not seeking to engage a chief restructuring officer.

The Debtor is not seeking to employ an attorney to defend a nondischargeability action.  Rather,

the Debtor is seeking to retain an attorney to represent the Debtor in this bankruptcy case.  As a

matter of law, a limited liability company, or any entity for that matter, cannot represent itself in

a bankruptcy proceeding.  It MUST have counsel provide representation and cannot proceed

without counsel.  Never could it be more "reasonably necessary" for a debtor to employ a

professional than where that non-individual debtor is seeking to employ an attorney to provide

general representation in the bankruptcy case.  Without counsel, the Debtor cannot file

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC        11

Schedules, cannot file a Statement of Financial Affairs, cannot appear and provide testimony at a Section 341 Meeting, cannot propose a Plan of Reorganization, and cannot defend attacks from parties in interest such as the UST. There can be no efficient, expeditious, and economical resolution of a bankruptcy proceeding without the Debtor having counsel. The need for a debtor to be able to obtain approval of its choice of counsel on an expedited basis is even more important in a Chapter 11 case that is proceeding under the provisions of Subchapter V. The UST, as judge jury and executioner, has determined that the Debtor cannot be in bankruptcy and, therefore, does not need an attorney. The Court may or may not ultimately dismiss this bankruptcy case. That issue is not before the Court today. What is before the Court is a real bankruptcy case. The Court has entered an Order for Relief. There is a debtor that is proceeding under Subchapter V, and that debtor needs counsel to comply with its obligations. The UST's first argument is without merit and, frankly, without any basis in law or fact.

In its second argument, the UST suggests that Proposed Counsel has not properly disclosed the source of its retainer. That statement is inherently false. In the Supplemental Verification, undersigned counsel disclosed that the funds were the Debtor's funds and that, as disclosed to undersigned counsel, the funds had initially been provided to Mr. VerStandig for his retainer. The UST asserts that is not accurate and that, in fact, the funds came from Mr. Sariri. As an initial matter, undersigned counsel did not know that to be true at the time that the Supplemental Verified Statement was filed and still does not know that to be true. The pending

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          12

objections to the Application to employ Proposed Counsel have placed a roadblock in Proposed

Counsel's ability to complete their work in fully investigating and understanding the Debtor's

finances.  Moreover, even assuming arguendo that the original source of the funds was Mr.

Sariri, that does not change the fact that the funds were the Debtor's funds and that undersigned

counsel made a complete disclosure.  A debtor's funds almost always come from third-parties

through accounts receivables, loans, grants, or the like.  The Bankruptcy Code does not require

that a proposed attorney explore the roots of a debtor's funds back to their original source and

report on that source and undersigned counsel has never seen such an attenuated disclosure in his

close to forty years of practice.   proposed attorney is required to disclose the source of the funds

and Proposed Counsel has done that.  The UST's second argument is without merit and, frankly,

without any basis in law or fact.

   For its third argument, the UST makes baseless and sanctionable arguments regarding

undersigned counsel's involvement in the case.  The UST attempts to justify its unfounded

allegations by suggesting that it does not know all of the facts because it has not had an

opportunity to conduct discovery.  The UST asked undersigned counsel for an extension of time

to object to the Application.  Undersigned counsel consented and would have consented to

further requests had they been made.  Undersigned counsel never declined a request.  Even when

the case was called for a hearing on September 4, 2024, the UST did not ask for time to conduct

discovery.  Two weeks have passed and there has still been no request for discovery.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          13

Ready, fire, aim.  Make serious allegations and ask questions later.  That is not an acceptable way to practice law.  Other than accepting the engagement, undersigned counsel had no involvement in the case prior to the time the Petition was filed.  As addressed above, Proposed Counsel had not spoken with Mr. Huertas or anyone in his office prior to the filing of the Petition.  Proposed Counsel had not spoken to Mr. Sariri, his counsel, or anyone related to Mr. Sariri prior to the filing of the Petition.  Proposed Counsel was not involved in the Adversary Proceeding or any of the litigation giving rise to the Adversary Proceeding at any time.  Proposed Counsel first looked at a paper filed in connection with that litigation after the Petition was filed and first attended a hearing related to that litigation after the Petition was filed.  Proposed Counsel was advised of the filing of the Petition the day the Petition was filed and, upon request, provided banking information that same day so as to be able to expedite the proposed representation of the Debtor.  The UST's third argument is without merit, and without any basis in law or fact, and was recklessly filed without concern for the impact that it would have on undersigned counsel outside of this case.

In the Supplemental Memorandum, the UST makes many similar arguments and ascribes to Proposed Counsel a duty to investigate before becoming involved in the case.  It is certainly true, and is in fact Proposed Counsel's practice, that an attorney should, if not must, make an investigation into a prospective debtor's finances before filing a Voluntary Petition to make sure the case is filed in good faith.  In the case at bar, Proposed Counsel did not have the luxury of

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          14

investigating the Debtor's finances before the Petition was filed.  Attorneys routinely bill their

clients thousands, if not tens of thousands, of dollars for work done to prepare for a bankruptcy

filing.  Proposed Counsel billed the Debtor nothing before the Petition was filed because

Proposed Counsel was not involved in the pre-Petition process.  The arguments contained in the

UST's Supplement have no more merit than those raised in the Motion, is filed without any basis

in law or fact, and having upped the ante by raising violations of Rule 11 and Rules of

Professional Conduct, is sanctionable.

<u>CONCLUSION</u>

Ready, fire, aim.  Make allegations without support.  Do so while threatening sanctions

under Rule 9011 and reporting of alleged violations of the Rules of Professional Conduct.  Do so

in violation of those same rules.  Undersigned counsel has a near 40-year spotless reputation for

zealously representing clients and for having the highest moral character.  In an attempt to

strong-arm the Debtor and counsel, the UST has sullied that 40-year reputation without any basis

for doing so.  Undersigned counsel has been made aware that word has already spread among the

bankruptcy bar of the UST's allegations against undersigned counsel.  This is not a game.  If the

UST wants to challenge the filing of the Petition or the bona fides of the case, it certainly has the

right to do so and the Court should look at the facts and make its own determination.  The Court

should not, however, condone the frivolous and baseless attacks levied by the UST in this case.

Denying the Motion is not enough to stop such abhorrent behavior.  More is required.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          15

Undersigned counsel put the UST on notice of its violation of Rule 9011 and the UST responded

that it did not need additional time to consider withdrawing its offensive paper.  It is, after all,

judge, juror, and executioner.  Undersigned counsel does not believe that the UST holds such a

lofty position in this Court and hopes the Court agrees.

WHEREFORE, Proposed Counsel prays that this Court enter an Order:

A.     Denying the Motion; and

B.     Granting such other and further relief as the Court deems necessary under the

circumstances presented.

Respectfully submitted,


 \s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#428335)
Wolff, & Orenstein, LLC
15245 Shady Grove Road
North Lobby, Suite 465
Rockville, Maryland  20850
(301) 250-7232
jorenstein@wolawgroup.com

Proposed Attorneys for JPK NewCo, LLC




Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC          16

<u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY, that on this 18th day of September, 2024, a copy of the foregoing was sent via the Court's CM/ECF system to:

Kristen E Burgers, Esq. @ kburgers@hirschlerlaw.com
Kristen S. Eustis, Esq. @ Kristen.S.Eustis@usdoj.gov
Maurice Belmont VerStandig, Esq. @ mac@mbvesq.com
James D. Sadowski, Esq. @ jds@gdllaw.com
Hugh M. Bernstein, Esq. @ hugh.m.bernstein@usdoj.gov
Stephen A. Metz, Esq. @ smetz@offitkurman.com  and MD71@ecfcbis.com


               \s\ Jeffrey M. Orenstein
               Jeffrey M. Orenstein


Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC      17