$50,000.00                  Washington, District of Columbia
                                                                                                June 3, 2024

## PROMISSORY NOTE

FOR VALUE RECEIVED, JPK NewCo LLC (the "Borrower") promises to pay to the order of Shaheen Sariri (the "Lender"), during regular business hours at such locations as the Lender may from time to time designate, the principal sum of Fifty Thousand Dollars and No Cents ($50,000.00) (the "Loan"), with interest thereon at the rate or rates specified below until paid in full, and any and all other sums which may be owing to Lender by Borrower pursuant to this Promissory Note ("Note"), in accordance with the provisions set forth herein.

**1)  PRIMARY BUSINESS TERMS**

a)      *Maturity Date*. The final and absolute maturity date of this Note ("Maturity Date") shall be August 3, 2024, subject to any extensions hereof.

b)      *Interest Rate*. From the date of this Note until all sums owed on this Note are paid in full, interest shall accrue on the principal balance outstanding under this Note at the rate of ten and fifty five one hundredths percent (10.55%) per annum. Interest shall be calculated on the basis of a 360 days per year factor applied to the actual days on which there exists a principal balance outstanding under this Note.

c)      *Payment*. Borrower shall repay this Note as follows:

        i)      On July 1, 2024, and on the first calendar day of each successive month thereafter, Borrower shall make a payment of principal and interest in the amount equal to all interest then accrued on the Loan plus a portion of the Loan principal based on a one (1) year amortization schedule, with the first such payment being equal to Four Thousand One Hundred Forty Five Dollars and Sixty Three Cents ($4,145.63) and each successive payment being equal to Four Thousand Six Hundred Six Dollars and Twenty Five Cents ($4,606.25).

        ii)      On the Maturity Date, Borrower shall pay in full all sums due under this Note, including principal, interest, charges and fees.

All payments made under this Note shall be made by such form of check, draft or other instrument as may be approved from time to time by Lender, and shall be payable in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment. All payments made under this Note shall be applied first to late charges or other sums owed to Lender, next to accrued interest, and then to principal, or in such other order or proportion as Lender, in Lender's sole discretion, may elect from time to time.

d)      *Late Charge*. If any payment due under this Note is not received by Lender within two (2) calendar days after its due date, Borrower shall pay a late charge equal to the lesser of (i) ten percent (10%) of the amount then due; or (ii) the maximum sum permitted by applicable law, inclusive of those laws (if any) governing matters of usury, for each month or portion thereof that such payment remains outstanding.

e)      *Extension.* Borrower may extend the Maturity Date by a period of one (1) calendar month by paying to Lender an extension fee of Five Thousand Dollars and No Cents ($5,000.00) on or before the Maturity Date. Borrower may exercise this right up to – but not more than – four (4) times. The extension fee shall *not* be a credit against the indebtedness.

f) *Prepayment*. Borrower may prepay this Note, in part or whole, by paying in full all sums due under this Note, including principal, interest, charges and fees, together with a prepayment fee of Five Thousand Dollars and No Cents ($5,000.00).

## 2) DEFAULT AND REMEDIES

a) *Events of Default*. A default in the payment of any sum due under this Note shall constitute an event of default under this Note ("Event of Default").

b) *Remedies*. Upon the occurrence of an Event of Default, in addition to all other rights and remedies available to Lender under applicable law, Lender shall have the following rights and remedies:

   i) Acceleration. Lender, in Lender's sole discretion and without notice or demand, may declare the entire principal balance outstanding under this Note, plus accrued interest and all other sums owed under this Note, immediately due and payable.

   ii) Default Interest Rate. Lender, in Lender's sole discretion and without notice or demand, may raise the rate of interest accruing on the principal balance outstanding under this Note to twenty four percent (24.00%) per annum or the maximum rate allowed by applicable law, independent of whether the holder elects to accelerate the principal balance outstanding under this Note.

   iii) Confession of Judgment. Borrower authorizes any attorney designated by Lender or any clerk or prothonotary of any court of record to appear for Borrower and confess judgment against Borrower in favor of Lender for the full amount due on this Note (including principal, accrued interest, charges and fees), plus court costs, plus attorneys' fees equal to fifteen percent (15%) of the amount due, all without prior notice or opportunity to Borrower for prior hearing, without stay of execution or right of appeal, and expressly waiving the benefit of all exemption laws and any irregularity or error in entering any such judgment. No single exercise of the power to confess judgment granted in this paragraph shall exhaust the power, regardless of whether such exercise is ruled invalid, void or voidable by any court, nor shall this Note, Lender's right to attorneys' fees in the amount described herein or any other obligation hereunder merge into any such judgment. The power to confess judgment granted in this paragraph may be exercised from time to time as often as the holder of this Note may elect. Borrower acknowledges that the actual amount of attorneys' fees incurred by Lender would be impossible to calculate at the time judgment by confession is entered, as all such fees would not yet have been incurred. Accordingly, Borrower agrees that attorneys' fees equal to fifteen percent (15%) of the amount due is reasonable given the totality of circumstances contemplated herein.

c) *Expenses of Collection and Attorneys' Fees*. If this Note is referred to an attorney for collection, whether or not judgment has been confessed or suit has been filed, Borrower shall pay all of Lender's costs, fees and expenses, including actual attorneys' fees, resulting from such referral.

## 3) MISCELLANEOUS

a) *Assignability*. This Note may be assigned by Lender or any holder at any time or from time to time. This Note shall inure to the benefit of and be enforceable by Lender and Lender's successors and assigns and any other person to whom Lender or any holder may grant an interest in Borrower's obligations under this Note, and shall be binding and enforceable against Borrower and Borrower's personal representatives, successors and assigns.

b)   *Negotiable Instrument*.  Borrower agrees that this Note shall be deemed a negotiable instrument even if this Note would not qualify under applicable law, absent this Section, as a negotiable instrument.

c)   *Choice of Law*.  This Note shall be governed by the laws of the District of Columbia.

d)   *Unconditional Obligations*.  Borrower's obligations under this Note shall be the absolute and unconditional duty and obligation of Borrower and shall be independent of any rights of set-off, recoupment or counterclaim which Borrower might otherwise have against the holder of this Note, and Borrower shall pay absolutely the payments of principal, interest, fees and expenses required under this Note, free of any deductions and without abatement, diminution or set-off.

e)   *Severability*.  In the event that any provision of this Note conflicts with applicable law, such conflict shall not affect other provisions of this Note which can be given effect without the conflicting provision, and to this end the provisions of this Note are declared to be severable.

f)   *Tense; Gender; Section Headings*.  In this Note, the singular includes the plural and *vice versa*; and each reference to any gender also applies to any other gender.  The section headings are for convenience only and are not part of this Note.

g)   *Time*.  Time is of the essence of this Note.

h)   *Commercial Loan.*  Borrower represents and acknowledges that the Loan extended hereunder is to be used for commercial purposes, and that this Note neither evidences nor supports the extension of a consumer loan or any other form of consumer credit.

**4)   CONSENTS AND WAIVERS**

a)   *Waiver of Presentment, Etc*.  Borrower waives presentment, notice of dishonor and protest.

b)   *Jury Trial Waiver*.  Borrower and Lender (by acceptance of this Note) jointly waive trial by jury in any action or proceeding to which Borrower and any holder of this Note may be parties, arising out of or in any way pertaining to this Note.  It is agreed and understood that this waiver constitutes a waiver of trial by jury of all claims against all parties to such actions or proceedings, including claims against parties who are not parties to this Note.  This waiver is knowingly, willingly and voluntarily made by Borrower, and Borrower hereby represents that no representations of fact or opinion have been made by any individual to induce this waiver of trial by jury or to in any way modify or nullify its effect.  Borrower further represents that it has been represented in the signing of this Note and in the making of this waiver by independent legal counsel, selected of its own free will, and that it has had the opportunity to discuss this waiver with counsel.

*[Continued on Following Page]*

IN WITNESS WHEREOF, Borrower has duly executed this Note under seal as of the date first written above.

WITNESS/ATTEST:                    **BORROWER:**

**JPK NewCo LLC**

_____     By: _____(SEAL)
                                        Daniel Huertas
                                        Authorized Agent of WCP Fund I LLC,
                                        the Manager of JPK NewCo LLC

### Acknowledgment

3rd _____ OF June 2024, CITY/COUNTY OF Fairfax _____, TO WIT:

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared DANIEL HUERTAS, to me known to be the person described in and who executed the foregoing instrument, and he acknowledged before me that the matters contained therein are true.

IN WITNESS MY Hand and Notarial Seal.    _____(SEAL)
                                          NOTARY PUBLIC

My Commission Expires:

_____

[Notary Seal: APRIL FRAZIER BISHOP, NOTARY PUBLIC, REG # 8098352, MY COMMISSION EXPIRES 3/31/2028, COMMONWEALTH OF VIRGINIA]