## COMMERCIAL PROMISSORY NOTE

**June 24, 2024**                                                                                                      **$26,000.00**

1. **BORROWER'S PROMISE TO PAY**

**FOR VALUE RECEIVED**, the undersigned, **Energy Morroco LLC** (the "**Borrower**") promises to pay to the order of **JPK NewCo LLC**, its successors and assigns (the "**Lender**") at 8401 Greensboro Drive, Suite 960, McLean, VA 22102, or at such other place or places as the Lender may from time to time designate in writing, the principal sum of **$26,000.00**, together with interest at the rate hereinafter provided, from the date of this Commercial Promissory Note (this "**Note**") until paid.

2. **INTEREST**

Interest shall accrue hereunder at the rate of **15.00%** per annum on the principal.

3. **PAYMENTS**

Payments of interest only shall be due and payable on the first day of each calendar month during the term of the loan evidenced by this Note.

If not sooner paid, the entire balance of the principal of this Note remaining unpaid, plus interest accrued thereon at the aforesaid rate not previously paid, and fees and costs, if any, shall be due and payable by Borrower in full **180 days** from the date hereof (the "**Maturity Date**").

For purposes of computing interest on the debt evidenced hereby, interest shall be calculated on the basis of a three hundred sixty (360) day calendar year applied to the actual number of days funds are outstanding. Payments made on account hereof shall be applied first to the payment of late charges or other fees and costs owed to the Lender, next to the payment of any accrued and unpaid interest, and then to principal, or in such other order or proportion as the Lender, in its sole discretion, may elect from time to time.

All payments due hereunder shall be made in immediately available funds and constitute payment only when collected and/or the cash is actually received by the Lender.

4. **BORROWER'S RIGHT TO PREPAY**

The Borrower is permitted to prepay the principal indebtedness evidenced hereby in whole or in part prior to the Maturity Date without premium or penalty.

5. **BORROWER'S FAILURE TO PAY AS REQUIRED**

Before the Maturity Date, the entire principal sum outstanding, together with accrued interest thereon (as herein provided), fees and costs, if any, shall at once become due and payable at the option of the Lender without further notice, if any of the following occurs:

a. If default be made in any payment due under this Note; or
b. If default be made in the performance of any other covenant contained in this Note.

Failure to exercise any of the options aforementioned shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. Acceleration of maturity, once claimed by the Lender, may at its option be rescinded by an instrument in writing to that effect; however, the tender and acceptance of a partial payment or partial performance shall not, by itself, affect or rescind such acceleration of maturity.

Upon a default under this Note, the holder of this Note may, in the holder's sole discretion and without notice or demand, in addition to any other remedy the holder of this Note may exercise, charge interest to the Borrower which shall accrue on the entire face value of this Note at the rate of **24.00%** per annum (the "**Default Rate**"). If judgment is entered against the Borrower on this Note, the amount of such judgment entered (which may include principal, interest, fees and costs) shall bear interest at such Default Rate as of the date of entry of judgment.

In the event any payment due under this Note, including the final payment (whether by acceleration or maturity), is paid more than ten (10) days after the date when the same is due, then the Lender shall be entitled to collect a "late charge" in an amount equal to **5.00%** of such installment. In the event the payment due is the balloon payment of this Note whether by acceleration or maturity, then the Lender shall be entitled to collect a late charge in an amount equal to **5.00%** of the original principal amount of this Note.

In the event it shall become necessary to employ counsel to collect this obligation or to protect the security hereof, the Borrower agrees to pay reasonable attorneys' fees, whether suit be brought or not, and all other costs and expenses reasonably connected with collection, the defense of any counterclaim, the enforcement (including without limitation, as a part of any proceeding brought under the Bankruptcy Reform Act of 1978, as amended) of any remedies herein provided for.

6. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

**BORROWER HEREBY CERTIFIES THAT THIS LOAN IS FOR BUSINESS OR INVESTMENT PURPOSES ONLY.**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of them together. This means that any one of the borrowers, guarantors, sureties or endorsers may be required to pay all of the amounts owed under this Note.

This Note shall be the obligation of the makers hereof and shall apply to and bind their respective successors, personal representatives, executors, survivors, heirs, and assigns.

### 7. WAIVERS

The Borrower and any endorsers, guarantors, and sureties, jointly and severally, waive the rights of presentment, notice of dishonor, demand for performance, notice of nonperformance, protests, notice of protest, notice of default, demands, notice of demands, notice of non-payment and other notice, and any and all lack of diligence or delays in the collection or enforcement hereof and expressly agree that this Note, or any payment hereunder, may be extended from time to time without in any way affecting the liability of the Borrower or any endorser, guarantor, or surety hereof. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

The Borrower hereby (i) covenants and agrees not to elect a trial by jury of any issue triable of right by a jury, and (ii) waives any right to trial by jury fully to the extent that any such right shall now or hereafter exist. This waiver of right to trial by jury is separately given, knowingly and voluntarily, by the Borrower, and this waiver is intended to encompass individually each instance and each issue as to which the right to a jury trial would otherwise accrue. The Lender is hereby authorized and requested to submit this Note to any court having jurisdiction over the subject matter and the parties hereto, so as to serve as conclusive evidence of the Borrower's waiver of the right to jury trial. Further, the Borrower hereby certifies that no representative or agent of the Lender (including the Lender's counsel) has represented, expressly or otherwise, to the Borrower that the Lender will not seek to enforce this waiver of right to jury trial provision.

### 8. GIVING OF NOTICES

All notices, demands, requests, and other communications required pursuant to the provisions of this Note shall be in writing and addressed to Borrower at: 5701 Dix Street,

NE, Washington, DC 20019; and to Lender at the address stated in the first paragraph of this Note.

The Lender and Borrower may designate a change of address by notice in writing to the other party.

## 9. SEVERABILITY; RULES OF CONSTRUCTION

In the event any provision of this Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be as if such invalid, illegal, or unenforceable provision (or part thereof) had not been contained in this Note, but only to the extent it is invalid, illegal, or unenforceable.

As used in this Note, the singular shall include the plural and the plural shall include the singular, where the context shall so require.

Time is of the essence as to all provisions of this Note.

Borrower:

**Energy Morroco LLC**,
  a Delaware limited liability company

_____
By:    Mohammad Khalid Saleem Chaudhry
Its:    Sole Member

4