# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| JPK NEWCO, LLC ) | Case No. 24-262-ELG |
| ) | |
| Debtor. ) | |
| ) | |

### OPPOSITION TO THE UNITED STATES TRUSTEE'S
### MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)

Shaheen Sariri ("**Mr. Sariri**"), by counsel, files his opposition to *The United States Trustee's Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* (the "**Motion**") [Docket No. 37], and in support thereof states as follows:

### BACKGROUND

1. On July 23, 2024 (the "**Petition Date**"), Mr. Sariri filed with this Court an involuntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this chapter 11 case (the "**Bankruptcy Case**").

2. On June 3, 2024, Mr. Sariri made a short-term loan (the "**Loan**") to JPK NewCo LLC (the "**Debtor**") in the amount of $50,000. The Loan was evidenced by a Promissory Note (the "**Note**") dated June 3, 2024, made by the Debtor for the benefit of Mr. Sariri. The Note bore interest at the non-default rate of 10.55% per annum (which was 2.3% above the then-current *Wall Street Journal* prime rate) and matured in sixty days. The default rate under the Note was 24% per annum.

3. The first payment of $4,145.63 was due under the Note on July 1, 2024. Despite demand for payment by Mr. Sariri, the Debtor failed to make any payments under the Note.

---

Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: kburgers@hirschlerlaw.com

*Counsel to Shaheen Sariri*

4. At the time he made the Loan, Mr. Sariri understood that the Debtor was a newly-formed entity (hence the "NewCo" in the Debtor's name).

5. Mr. Sariri elected to file an involuntary bankruptcy rather than pursue his remedies in the Superior Court of the District of Columbia because he was concerned about the length of time it would take for him to obtain a money judgment in Superior Court and whether the Debtor's assets would be dissipated by that time.

6. As of the Petition Date, the balance due under the Note was $51,443.92.

7. On August 6, 2024, the Debtor, by counsel, filed its Answer to Involuntary Petition and Election to Proceed Under Subchapter V [Docket No. 6]. This Court entered its Order for Relief on August 7, 2024 [Docket No. 8].

8. On October 2, 2024, the Debtor filed its Schedules and Statement of Financial Affairs [Docket No. 42].

## LEGAL ARGUMENT

9. Section 1112(b)(1) of the Bankruptcy Code provides that, upon request of a party in interest and upon a notice and hearing, a court may dismiss a case under Chapter 11 for "cause." Section 1112(b)(4) contains a list of sixteen factors which constitute cause under Section 1121(b). None of the sixteen factors are present in this Bankruptcy Case.

10. In the Motion, the U.S.. Trustee argues that the Bankruptcy Case should be dismissed because it was not filed in good faith. While Chapter 11 does not contain a specific "good faith" requirement, "courts have consistently imposed such a requirement by way of implication." *In re Franklin Mortg. & Inv. Co.*, 143 B.R. 295, 299 (Bankr. D.D.C. 1992). Whether a case was filed in bad faith generally cannot be determined by direct evidence, but it may be inferred from surrounding circumstances. *Id.* A Court's inquiry does not change if the petition

under scrutiny is involuntary. *See In re Kingson Square Associates*, 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997).

11. In *Franklin*, the Debtor was formed prior to the bankruptcy for the purpose of owning commercial real estate on Worth Avenue in Palm Beach, Florida, which was subject to a foreclosure action by the secured lender. *Supra.* In granting the secured lender's motion to dismiss, the Court applied the eight factors evidencing bad faith established by the Fifth Circuit in *Little Creek Development Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986). *Id.* The eight factors include: (a) whether the debtor has one asset, (b) whether the asset is encumbered by secured liens, (c) whether the debtor has any business operations, (d) whether the debtor has few unsecured creditors with small claims, (e) whether the debtor and one creditor had litigated to a standstill in state court, (f) whether bankruptcy was the only viable way to forestall loss of the property, (g) whether there were any allegations of wrongdoing by the debtor or its principals, and (h) whether the debtor suffers from "new debtor syndrome." *Id.* at 299-300.

12. In *Franklin*, the Court determined that the majority of the factors weighed in favor of dismissal because the debtor was newly "revitalized", owned one asset, and had only one unsecured creditor with a claim of less than $5,000, compared to the secured creditor whose claim exceeded $2,25,000. *Id.* at 300. The Court dismissed the case. *Id.* at 303.

13. In contrast to the debtor in *Franklin*, the Debtor has more than one asset and multiple creditors. The Debtor's assets include a small loan made by the Debtor to Morocco Energy, LLC and interests in two loans made by WCP Fund 1, LLC ("**WCP**") to 423 Kennedy, LLC ("**Kennedy**") and Developer RE1, LLC ("**RE1**"), respectively, both of which are secured by junior liens on real property. Kennedy and RE1 are also holders of disputed, contingent and unliquidated general unsecured claims. This case involves more than a two-party dispute, and – if

the Debtor is able to collect on the Kennedy and RE1 loans – it will be able to fund a successful reorganization and pay Mr. Sariri's claim in full.  This is not an improper use of bankruptcy.

14. In the Motion, the U.S. Trustee raises concerns that the Bankruptcy Case is, in their view, an impermissible "Texas Two Step" bankruptcy.  Similar to other Texas two-step bankruptcies, the Bankruptcy Case allows for efficient resolution of litigation and resolution of debts without the need to place the other assets of the sponsor (in this case, WCP) at risk in a bankruptcy case.  Other bankruptcy courts have approved the use of bankruptcy in this manner when there are substantial assets to reorganize.  *See In re Bestwall LLC*, 605 B.R. 43, 50 (Bankr. W.D.N.C. 2019).

15. The U.S. Trustee has failed to show that the Bankruptcy Case should be dismissed for cause.  Because the Debtor has millions of dollars' worth of assets, reorganization – and the payment in full of all creditor claims - is a realistic possibility if the pending litigation can be resolved.  This is not contrary to the purpose of the Bankruptcy Code.

16. Accordingly, for all the reasons set forth herein, Mr. Sariri submits that the Motion should be denied, and the Bankruptcy Case should go forward.

WHEREFORE, Mr. Sariri respectfully requests that the Court enter an order denying the Motion and granting such other and further relief as the Court may deem proper.

Dated:  October 9, 2024                                  Respectfully submitted,

*/s/ Kristen E. Burgers*
Kristen E. Burgers (D.C. Bar No. 500674)
HIRSCHLER FLEISCHER
1676 International Drive, Suite 1350
Tysons, Virginia  22102
Telephone:     (703) 584-8900
Telecopier:     (703) 584-8901
Email:             kburgers@hirschlerlaw.com

*Counsel to Shaheen Sariri*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2024, a copy of the foregoing Opposition was served electronically via this Court's CM/ ECF system on all parties entitled to receive notice thereby.

　　　　　　　　　　　　　　　　　　*/s/ Kristen E. Burgers*
　　　　　　　　　　　　　　　　　　Kristen E. Burgers

17712494.2  049593.00001