UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: * | |
| JPK NewCo, LLC * | Case No. 24-00262-ELG |
| | (Chapter 11 - Subchapter V) |
| Debtor * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEBTOR'S PLAN REPORT

JPK NewCo, LLC, Debtor and Debtor-in-Possession (the "Debtor"), by JEFFREY M. ORENSTEIN and WOLFF & ORENSTEIN, LLC, the Debtor having elected to proceed under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), files this report pursuant to § 1188(c) of the Bankruptcy Code and the Amended Scheduling Order entered by this Court.

1.  General Background

    A.  Debtor's Business and Commercial Activities.

        i.  Formation of the Debtor

The Debtor was formed on February 1, 2024, when its Articles of Organization were filed with the Corporations Division of the District of Columbia. At the time of its formation, WCP Fund I LLC ("WCP") and SF NU, LLC ("SFNU") were the Debtor's sole owners and remain its sole owners today. As addressed in more detail below, the Debtor was created on the advice of counsel, with then-present cognizance the Debtor might be used to either facilitate an amicable resolution to the pending litigation involving WCP and SFNU, and/or as a mechanism of siloing troubled assets so as to remove those assets, and their accompanying putative liabilities, from the balance sheets of WCP and SFNU.

1

JPK was capitalized by WCP and SFNU through contribution of two junior promissory notes held by WCP and SFNU respectively, and assignment of the correlative deeds of trust, with membership interests in the Debtor being given to WCP and SFNU as consideration for the contribution of the promissory notes. The formation and capitalization of the Debtor is reflected in its Operating Agreement.

ii. The Contributed Notes

In December 2021, WCP loaned $4,103,000.00 to Developer RE1 LLC ("DRL"), with the subject loan being memorialized by two promissory notes in the respective sums of $3,579,000.00 and $524,000.00 (the "DRL Notes"). The DRL Notes are both secured by deeds of trust (the "DRL Deeds of Trust") on the real property commonly known as 5501-5505 1st Street, NW, Washington, DC 20011 (the "DRL Property"). Similarly, in March 2022, WCP loaned $9,945,693.00 to 423 Kennedy St Holdings LLC ("423 Kennedy"), with the subject loan being memorialized by two promissory notes in the respective sums of $8,689,693.00 and $1,256,000.00 (the "423 Kennedy Notes"). The 423 Kennedy Notes are secured by deeds of trust (the "423 Kennedy Deeds of Trust") on the entity's eponymous property (the "423 Kennedy Property"). Both DRL and 423 Kennedy repeatedly defaulted under their respective notes and deeds of trust by, inter alia, allowing senior liens to accrue on the entities' properties, failing to

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

make interest payments in a timely manner, and failing to pay any of the four - let alone all four - notes at maturity. As a result, both DRL and 423 Kennedy were advised that foreclosure would be pursued.

### iii. Litigation & Mediation

DRL and 423 Kennedy asserted that they did not believe that their various breaches were sufficiently severe to warrant defaults being declared and foreclosures being scheduled. As a result, they each brought suit in the District of Columbia Superior Court (the "Superior Court") to enjoin those foreclosures, alleging the declared defaults to have amounted to tortuous interference with their business relations. The two cases were captioned *Developer RE1, LLC v. DP Capital, LLC, et al.* (the "DRL Litigation") and *423 Kennedy St Holdings, LLC v. DP Capital, LLC, et al.* (the "423 Kennedy Litigation") and were consolidated in the Superior Court as Case No. 2022-CAB-005935 (the "Note Litigation"). The respective complaints are colorful in nature, with one expressly alleging that "Money is the Root of All Evil," and one accusing WCP of corruption. In the course of the Note Litigation, the Superior Court entered injunctions prohibiting the defendants from foreclosing on the DRL Deeds of Trust and the 423 Kennedy Deeds of Trust. Following the entry of these injunctions, the parties to the Note Litigation agreed to mediate before a retired Superior Court judge. During the course of two formal

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

mediation sessions, certain potential resolutions were discussed whereby 423 Kennedy and/or DRL would release claims in exchange for participating in a share of loan profits. As part of the aforesaid negotiations, WCP introduced the idea of transferring certain promissory notes into a so-called "special purpose entity," so ownership interests in the negotiable instruments could be ultimately divided pursuant to a settlement agreement without (i) having to sever the notes themselves into multiple pieces; and/or (ii) needing to offer DRL and/or 423 Kennedy an ownership interest in WCP or any of its co-defendants. Shortly after the conclusion of the second mediation session , and consistent with those discussions, the Debtor was formed as that "special purpose entity."

     iv. <u>The Debtor's Business Operations</u>

Following its formation, the Debtor needed funds to engage counsel and to operate, with the expectation the Debtor would be joined in the Note Litigation. To procure such funds, the Debtor borrowed $50,000.00 from Shaheen Sariri ("Mr. Sariri"). At the time the loan was made, Mr. Sariri was advised that the Debtor may use part or all of the loan proceeds to engage counsel, including the potential engagement of insolvency counsel. A portion of the loan proceeds were transferred to the IOLTA account of The VerStandig Law Firm, LLC (VLF"), WCP's litigation counsel, to be held pending VLF's anticipated engagement to represent the Debtor in the litigation. The Debtor loaned the remaining proceeds to Energy Morocco LLC ("EM"), an unrelated third party, in an effort to make a profit from interest on the loan.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

B.      Allegations of Wendell Webster and Charles Paret

Charles Paxton Paret ("Mr. Paret") is a Chapter 7 debtor in this court in the case captioned In re Paret, Case No. 23-217-ELG (the "Paret Main Case"). In connection with the administration of Mr. Paret's bankruptcy estate, Wendell Webster ("Mr. Webster"), the Chapter 7 trustee in the Paret Main Case, has filed an adversary complaint against DP Capital, LLC ("DPCL"), WCP, and Mr. Huertas (the Webster Complaint") which initiated the adversary proceeding captioned Webster v. Huertas, et al., Adversary Proceeding No. 23-10025-ELG (the "Webster Litigation"). The Webster Complaint, filed more than five months after JPK was created, appears to allege that the loans made by WCP, to DRL and 423 Kennedy, were "involved" in a partnership between Messrs. Huertas and Paret. The Webster Complaint further alleges that Mr. Huertas "used" DRL "to purchase foreclosed properties" belonging to the putative partnership between Messrs. Huertas and Paret and asks this Court to impose a constructive trust on the assets of the putative partnership. It is not clear whether the assets referred to in the Webster Complaint and alleged to part of the putative partnership are the DRL Notes and 423 Kennedy Notes or whether they are the DRL Property and the 423 Kennedy Property. Presently, the Debtor is not a party to the Webster Litigation.

C.      Removal of Note Litigation

On July 4, 2024, two days after the filing of the Webster Complaint, WCP and its co-defendants caused the Note Litigation to be removed to this Court with the removed Note

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

Litigation being assigned Adversary Proceeding No. 24-10023-ELG. At the time the Note Litigation was removed, SFNU had recently been joined as a party. Upon being joined, SFNU filed a motion to dismiss, which was still pending at the time of removal (and which remains pending as of present). SFNU's motion to dismiss urges that JPK is a necessary party to the Note Litigation. The plaintiffs in the Note Litigation have sought to have the Note Litigation remanded to the Superior Court. This Court has heard argument on that motion and has taken the matter under advisement.

        D.      <u>Delay in the Debtor's Ability to Proceed as a debtor-in-possession in this case</u>

This case was initiated by the filing of an Involuntary Petition against the Debtor. On August 6, 2024, the Debtor filed an Answer consenting to the entry of an Order for Relief and electing to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. That same day, the Debtor filed an Application to employ counsel. The Application was met with a "limited" opposition from DRL and 423 Kennedy, as well as an opposition from the Office of the United States Trustee (the "UST"). On August 7, 2024, the Court entered the Order for Relief in this case, but the Debtor remained paralyzed as its ability to hire counsel was challenged. Following a hearing on September 25, 2024, on September 30, 2024, the Court entered an Order authorizing the Debtor's employment of counsel.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

      E.      <u>The Motion to Dismiss</u>

On September 23, 2024, the UST filed its Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) (the "Dismissal Motion") seeking to dismiss the pending bankruptcy case. On October 14, 2024, WCP filed an opposition to the Dismissal Motion. The Debtor joined WCP's opposition that same day. The Dismissal Motion is pending before the Court with the anticipation that discovery will be conducted before a hearing on the Dismissal Motion is held.

2.    <u>Secured Claims</u>.

There are no secured claims against the Debtor.

3.    <u>Type of Plan of Reorganization. The Debtor intends to pursue the following type of plan of reorganization in this case:</u>

____ Consensual        ____ Nonconsensual[1]         X  Undetermined

4.    <u>Reasons the Debtor Cannot Determine Whether Plan Will be Consensual</u>.

The issue of whether the Debtor's Plan will be consensual or nonconsensual really boils down to who will be determined to hold allowed claims against the Debtor. As noted above, there is no dispute that Mr. Sariri holds a claim against the Debtor that will be an allowed claim. It is less certain whether either DRL or 423 Kennedy will be determined to have allowed claims

---

[1] The term "nonconsensual plan" for purposes of this report means a plan confirmed under § 1191(b) of the Bankruptcy Code. It is the Debtor's desire to propose and confirm a Plan that will be consensual, but for reasons discussed above, the Debtor does not yet know whether that will be feasible.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

against the Debtor and, in fact, the Debtor has scheduled those potential liabilities as disputed in its Schedule E/F. If DRL and 423 Kennedy are determined not to have allowed claims, the Debtor anticipates its Plan will be a consensual Plan. If they are determined to hold allowed claims, it is less certain that the Debtor's Plan will be a consensual Plan.

5.  Communications with Parties in Interest.

Since the inception of the case, the Debtor, through counsel, has had multiple communications with the Subchapter V Trustee, the UST, and Mr. Sariri regarding the Involuntary Petition, the retention of counsel, and whether the case was filed in good faith. The parties have also had numerous discussions about scheduling including the scheduling of discovery on the UST's pending Motion to Dismiss. While there have been some general discussions about the Debtor's anticipated proposed Plan, specific communications regarding the terms of the Debtor's forthcoming plan have not yet occurred. The unusual battles over the Debtor's ability to retain counsel have occupied the Debtor's time thus far in this case and the stay of the Note Litigation pending the resolution of the UST's Motion to Dismiss has diminished the Debtor's ability to propose a Plan with specific numbers and time frames.

6.  Nature of Communications with Parties in Interest.

See above.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

7. <u>Efforts to Formulate Plan of Reorganization</u>.

In substance, the Debtor's Plan is not complicated. The Debtor will continue to collect the amounts due under the EM Note and will pay its expenses in the ordinary course. The Debtor's ability to make payments to its other creditors from other sources will largely be dependent upon its ability to collect the amounts due under the DRL Notes and the Kennedy Notes (collectively the "Notes") and, in large part, the resolution of the Note Litigation. Assuming that the Court denies the UST's Motion to Dismiss, the Debtor anticipates the Court will then turn its attention to a determination of whether the Note Litigation will remain in this Court or be remanded back to the Superior Court so that a resolution on the merits can be pursued. As noted above, the Debtor anticipates that it will become a party to the Note Litigation and will move to intervene if it is not added as a party as a result of amended Complaints. The Debtor anticipates filing a Plan that will provide for holders of allowed claims against the Debtor to be paid from its collection of the amounts due under the Notes. The Debtor is considering alternatives in the event that it is not successful in the Note Litigation.

8. Timing for Filing Plan of Reorganization. Does the Debtor intend to file a plan of reorganization within the 90-day deadline imposed by § 1189(b) of the Bankruptcy Code?

   __X__ Yes          ____ No

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

9.     <u>Administrative Expenses</u>[2].

The Debtor anticipates that the estate will incur the following administrative expenses during the pendency of this case.

Total Amount for Debtor's Counsel's Fees and Expenses:  $50,000.00

Total Amount for Debtor's Special Counsel's Fees and Expenses:  $ 20,000.00[3]

Total Amount for Subchapter V Trustee's Fees and Expenses:  $10,000.00

Total Amount of Other Administrative Expense Claims:  $0

Proposed Monthly Escrow Payment:  t/b/d[4]

---

[2]    The amounts set forth herein are necessarily based upon the best estimates available given the current status of the contested matters that are described above and that are anticipated depending upon the resolution of the pending Motion to Dismiss. They are not intended to establish limits and are merely estimates based upon the Debtor's prior experience in cases of this nature.

[3]    This amount assumes that the Debtor will become a party to the Note Litigation and will incur legal expenses in connection with the Note Litigation. The Debtor may also be required to incur expenses in connection with the Webster Litigation.

[4]    The Debtor had anticipated that it would be further along in the reorganization and litigation process by this time but, for the reasons addressed above, the Debtor's ability to move forward with this case have been hampered by forces outside of its control. The Debtor will discuss the potential for escrowing funds for the Subchapter V Trustee and potential sources of such funding with the Subchapter V Trustee and the UST. Those discussion may also include adding additional funding for the Debtor's counsel. Any such payments shall be held by the Debtor's counsel and/or the Subchapter V Trustee in escrow pending further Order of the Court. The amounts to be held in escrow shall ultimately be applied to the payment of allowed administrative expense claims in the case in accordance with the Bankruptcy Code. The Debtor anticipates that the Court may address the potential of monthly escrow payments at the initial status conference held in accordance with Section 1188 of the Code and enter any appropriate Orders thereafter.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

10.     Additional Information.

      None at this time.

      Respectfully submitted,

      \s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#428335)
Wolff, & Orenstein, LLC
15245 Shady Grove Road
North Lobby, Suite 465
Rockville, Maryland  20850
(301) 250-7232
jorenstein@wolawgroup.com

Attorneys for JPK NewCo, LLC

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, that on the 23rd day of October, 2024, a copy of the foregoing was sent via the Court's CM/ECF system to:

Kristen S. Eustis, Esq.
Office of the United States Trustee
1725 Duke Street,
Suite 650
Alexandria, VA 22314
Kristen.S.Eustis@usdoj.gov

Hugh M. Bernstein, Esq.
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
hugh.m.bernstein@usdoj.gov

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC

Stephen A. Metz, Subchapter V Trustee
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
smetz@offitkurman.com

Kristen E. Burgers, Esq.
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102
kburgers@hirschlerlaw.com

Maurice Belmont VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mbvesq.com

James D. Sadowski, Esq.
Greenstein Delorme & Luchs, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
jds@gdllaw.com

  \s\ Jeffrey M. Orenstein
Jeffrey M. Orenstein

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Attorneys for JPK NewCo, LLC