UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN RE:                                    *

JPK NewCo, LLC                            *      Case No. 24-00262-ELG
                                                 (Chapter 11 Subchapetr V)
                   Debtor                 *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEBTOR'S CHAPTER 11, SUBCHAPTER V PLAN OF REORGANIZATION

JPK NewCo, LLC (the "Debtor") the debtor in possession herein, proposes the following

Chapter 11, Subchapter V, Plan of Reorganization (the "Plan") pursuant to §1190 and §1191 of

Title 11 of the United States Code (the "Bankruptcy Code"). A brief history of the Debtor's

formation and operations is attached hereto as **Appendix A**.

**All Creditors and Interest Holders should refer to Articles I through III of this Plan**

**for information regarding the precise treatment of their Claims. Your rights may be**

**affected. You should read these papers carefully and discuss them with your attorney, if**

**you have one.  If you do not have an attorney, you may wish to consult one. This Plan is a**

**proposal by the Debtor and is subject to Bankruptcy Court approval after opportunity for**

**objections and a hearing. Please refer to a Scheduling Order to be entered by the**

**Bankruptcy Court for important information regarding Plan voting and objection**

**deadlines.**

DEFINITIONS AND RULES OF CONSTRUCTION

The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy

Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan,

and they are supplemented by the following definitions:

1

A.    <u>Definitions</u>

Unless the context otherwise specifies or requires, the following terms shall have the meanings herein specified, such definitions to be applicable equally to the singular and plural forms of such terms and to all genders:

<u>423 Kennedy</u> shall mean 423 Kennedy St Holdings LLC.

<u>423 Kennedy Note</u> shall mean the Commercial Deed of Trust Note in the original principal amount of $1,256,000.00 executed by 423 Kennedy on or about March 31, 2022.

<u>Administrative Expense Claim</u> shall mean any Claim which is entitled to administrative priority status pursuant to §§ 503(b), 507(a)(2) and 1192(e) of the Bankruptcy Code, including, without limitation, any Claim arising from the assumption of an executory contract or unexpired lease under § 365 of the Bankruptcy Code, fees and expenses of the Subchapter V Trustee and any Professionals employed by the Debtor, and any taxes incurred during the pendency of this Bankruptcy Case.

<u>Allowed</u> with respect to any Claim shall mean: (i) a Claim against the Debtor that has been listed on the Debtor's Schedules, as such Schedules may be amended from time to time pursuant to Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary Proof of Claim has been filed, (ii) any Claim for which a Proof of Claim was properly and timely filed in accordance with any order of the Bankruptcy Court, the Plan, the Bankruptcy Code, and the Bankruptcy Rules, as to which no objection to allowance is made

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

by the Debtor or a party in interest or as to which any objection has been determined by a Final

Order to the extent such objection is determined in favor of the respective Holder or (iii) any

Claim expressly Allowed by a Final Order or pursuant to the Plan. Any Claim that has been or is

hereafter listed in the Schedules as contingent, unliquidated or disputed, and for which no Proof

of Claim has been timely filed, is not considered Allowed and shall be expunged on the Effective

Date without further action by the Debtor and without any further notice to or action, order or

approval of the Bankruptcy Court.

Answer shall mean the Answer to Involuntary Petition and Election to Proceed under

Subchapter V filed by the Debtor on August 6, 2024, by which, among other things, the Debtor

elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code.

Bankruptcy Code shall mean the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., and any

amendments thereto.

Bankruptcy Court shall mean the United States Bankruptcy Court for the District of

Columbia or any other court having jurisdiction over the Debtor's Chapter 11 case or any

proceeding arising under this Chapter 11 Case.

Bankruptcy Rules shall mean (i) the Federal Rules of Bankruptcy Procedure and the

Official Bankruptcy Forms, as amended and promulgated under § 2075 of Title 28 of the United

States Code, (ii) the Federal Rules of Civil Procedure, as amended and promulgated under

§ 2072 of Title 28 of the United States Code, (iii) the Local Rules of the Bankruptcy Court, and

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

3

(iv) any standing orders governing practice and procedure issued by the Bankruptcy Court, each as in effect on the Petition Date, together with all amendments and modifications thereto to the extent applicable to this case or proceedings herein, as the case may be.

Chapter 11 Case shall mean the above-captioned Subchapter V bankruptcy proceeding initiated by the filing of an Involuntary Petition against the Debtor.

Claim shall have the meaning ascribed to such term in § 101(5) of the Bankruptcy Code.

Class shall mean any class in which Allowed Claims are classified pursuant to Articles II and III of this Plan.

Confirmation Date shall mean the date the entry of the Confirmation Order becomes a Final Order.

Confirmation Order shall mean the Order of the Bankruptcy Court in this Chapter 11 Case confirming the Plan pursuant to § 1129 and other applicable sections of the Bankruptcy Code.

Creditor shall mean the Holder of a Claim, within the meaning of § 101(10) of the Bankruptcy Code, including Secured Creditors, Unsecured Creditors, and Creditors with Administrative Expense Claims, Priority Claims, and Priority Tax Claims.

Debtor shall mean JPK NewCo, LLC, the debtor in possession in this Chapter 11 Case.

Developer RE1 shall mean Developer RE1 LLC.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

Developer RE1 Note shall mean the Commercial Deed of Trust Note in the original principal amount of $524,000.00 executed by Developer RE1 on or about December 24, 2021.

DIP shall mean debtor in possession which in this Case is JPK NewCo, LLC, as it has continued in possession of its assets and operated its business during the course of this Chapter 11 Case.

DIP Financing shall mean the advance of funds that, with the approval of the Bankruptcy Court, the Debtor may receive from WCP as a revolving line of credit in the maximum amount of $100,000.00, with interest accruing at the rate of Prime plus three percent (3%), and secured by a 1st priority lien on all of the Debtor's assets.

Disposable Income shall mean the income or other receipts received or to be received by the Debtor that is not reasonably necessary to be expended for the payment of amounts necessary for the continuation, preservation, operation, or litigation efforts of the business of the Debtor.

Effective Date shall mean the first business day following the date that is thirty (30) days after the entry of the Confirmation Order.

Energy Morocco shall mean Energy Morocco LLC.

Energy Morocco Note shall mean the Commercial Promissory Note in the original principal amount of $26,000.00 executed by Energy Morocco on or about June 24, 2024.

Executory Contracts shall mean all contracts and unexpired leases to which the Debtor is a party and which are executory within the meaning of § 365 of the Bankruptcy Code.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

5

Final Order shall mean an order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified or amended and as to which the time to appeal or seek reconsideration or rehearing thereof or file a petition for certiorari has expired.

Holder shall mean (a) as to any Claim, (i) the owner or Holder of such Claim as such is reflected on the Proof of Claim filed with respect to such Claim, (ii) if no Proof of Claim has been filed with respect to such Claim, the owner or Holder of such Claim as such is reflected on the Schedules or the books and records of the Debtor or as otherwise determined by order of the Bankruptcy Court, (iii) if the owner or Holder of such Claim has assigned or transferred the Claim to a third party and the Debtor has received sufficient written evidence of such assignment or transfer, the assignee or transferee; or (iv) any subrogee of a Holder of a Secured Claim; and (b) as to any interest, the record owner or Holder of such interest as of the Effective Date. Impaired shall mean any Claim or Interest that is impaired within the meaning of § 1124

Interests shall mean, to the extent applicable to this Chapter 11 Case, the interest of any Holder of stock or membership interests in the Debtor.

Mr. Sariri shall mean Shheen Sariri.

Note Litigation shall mean the litigation initially filed in the Superior Court of the District of Columbia captioned as Developer RE1, LLC v. DP Capital, LLC, et al. and 423 Kennedy St Holdings, LLC v. DP Capital, LLC, et al. that was subsequently consolidated as Case No. 2022-

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

CAB-005935 and then removed to the Bankruptcy Court and which is now pending in the

Bankruptcy Court as Adversary No. 24-10023-ELG.

Notes shall mean the 423 Kennedy Note and the Developer RE1 Note that are the subject

of the Note Litigation.

Order for Relief shall mean the Order entered by the Bankruptcy Court on August 7,

2024, which granted the relief sought by Mr. Sariri in the Petition.

Petition shall mean the Involuntary Petition filed by Mr. Sariri against the Debtor that

served to initiate this bankruptcy case.

Petition Date shall mean July 23, 2024, the date on which Mr. Sariri filed his Involuntary

Petition against the Debtor.

Plan shall mean this Chapter 11, Subchapter V Plan of Reorganization in its present form

or as it hereafter may be modified, amended or supplemented.

Post-Petition shall mean any event occurring on or after the Petition Date.

Pre-Petition shall mean any event occurring before the Petition Date.

Priority Claim shall mean any Allowed Claim of a person holding a Claim entitled to

priority pursuant to Bankruptcy Code §507(a) other than an Allowed Claim of a governmental

unit pursuant to Bankruptcy Code § 507(a)(8).

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

Priority Tax Claim shall mean any Allowed Claim of a governmental unit pursuant to Bankruptcy Code § 507(a)(8); provided, however, any Claims for penalties asserted by governmental units shall not be a Priority Tax Claim.

Professionals shall mean persons, including attorneys, accountants, the Trustee, and other professionals, retained or appointed in the Chapter 11 case or to be compensated pursuant to §§ 327, 328, 330, 503(b) and 1103 of the Bankruptcy Code and order of the Bankruptcy Court.

Secured Claim shall mean a secured Claim pursuant to § 506 of the Bankruptcy Code, and shall mean an Allowed Claim in an amount equal to the present value of the applicable Creditor's interest in the Debtor's interest in the Property, or in the amount subject to setoff, as may be established by this Plan, the Confirmation Order, or separate Order of the Bankruptcy Court.

SF NU shall mean SF NU, LLC.

Trustee shall mean Stephen Metz, the Subchapter V trustee appointed in this Chapter 11 case pursuant to § 1183 of the Bankruptcy Code.

Unsecured Claim shall mean any Claim which is not an Administrative Expense Claim, Priority Tax Claim, Priority Claim, or a Secured Claim, including (i) any Claim arising from the rejection of an executory contract or unexpired lease under § 365 of the Bankruptcy Code, (ii) except as otherwise provided in the Plan, any portion of a Claim to the extent the value of the Creditor's interest in the estate's interest in the Debtor's property securing such Claim is less

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

than the amount of the Allowed Claim, or to the extent that the amount of the Claim subject to

setoff is less than the amount of the Allowed Claim, as determined pursuant to § 506(a) of the

Bankruptcy Code, (iii) any Claim arising from the provision of goods or services to the Debtor

prior to the Petition Date, and (iv) any Claim designated as an Unsecured Claim elsewhere in the

Plan.

     <u>WCP</u> shall mean WCP Fund I LLC.

     B.    <u>Terms of Construction</u>

     Capitalized terms used in this Plan shall have the meaning set forth herein. In the event a

capitalized term is not defined herein, then it shall have the meaning given in the Bankruptcy

Code or the Bankruptcy Rules. In the event a capitalized term is not defined in the Plan, the

Bankruptcy Code, or the Bankruptcy Rules, then it shall have the meaning such term has in

ordinary usage and if one or more meaning for such term exists in ordinary usage, then it shall

have the meaning which is most consistent with the purposes of this Plan and the Bankruptcy

Code. The terms of this Plan shall not be construed against any person but shall be given a

reasonable construction, consistent with the purposes hereof and of the Bankruptcy Code.

     The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to

this Plan as a whole and not to any particular section, subsection, or clause contained in this Plan.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

# ARTICLE I
## TREATMENT OF ADMINISTRATIVE
## EXPENSE CLAIMS AND PRIORITY TAX CLAIMS

In accordance with § 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims

and Priority Tax Claims have not been classified in the Plan. Except with respect to Cure Claims

pursuant to § 365 of the Bankruptcy Code, which shall be provided for in the Plan, any party

claiming an Administrative Expense Claim shall file an application to approve its asserted

Administrative Claim for services provided through the Confirmation Date not later than thirty

(30) days after the Effective Date. *For the avoidance of doubt, and unless stated otherwise in this*

*Plan, no Claim described herein shall be entitled to treatment as an Administrative Expense*

*Claim unless (1) the Claim is on account of assumption of an executory contract or unexpired*

*lease; (2) the Bankruptcy Court previously entered a Final Order granting administrative*

*expense status to such Claim; or (3) the Claimant files an application to approve its asserted*

*Administrative Claim priority status and the Bankruptcy Court enters a Final Order with respect*

*to such application after notice and an opportunity for hearing.*

      1.1.   <u>Administrative Expense Claims</u>. Pursuant to § 1191(e) of the Bankruptcy Code,

and subject to entry of Orders allowing Administrative Expense Claims, each Holder of an

Allowed Administrative Expense Claim shall receive distributions on account of their Allowed

Administrative Claim. All fees and expenses requested by the Holder of an Allowed

Administrative Expense Claim for services provided through the Effective Date are subject to

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

review and approval by the Bankruptcy Court under §§ 329 and 330 of the Bankruptcy Code.
For services provided after the Confirmation Date, a notice shall be filed with the Bankruptcy
Court setting out fees and expenses incurred with a copy served on all parties in interest (the
'Notice").  Absent an objection filed within thirty (30) days of the Notice, or an agreement
between the Debtor and the administrative claimant to pay the Allowed Administrative Claim at
a later time, such amounts shall be paid by the Debtor (or the Trustee) within thirty (30) days of
the expiration of the thirty (30) day objection period or, in the event of the filing of an objection,
within thirty (30) days of the resolution of the objection.

    1.2.    <u>Estimated Amount of Administrative Expense Claims and Treatment</u>. As of the
filing of this Plan, the Debtor estimates that it will have the following Administrative Expense
Claims (without altering the requirement of parties to seek Bankruptcy Court approval of all
Administrative Expense Claims): (a) legal fees for Debtor's counsel, Wolff & Orenstein, LLC of
an estimated $50,000.00; (b) fees for the Subchapter V Trustee of an estimated $10,000.00; (b)
legal fees for Debtor's special counsel, The VerStandig Law Firm, LLC of an estimated
$20,000.00[1] and (d) and other Administrative Expense Claims

---

[1]    The VerStandig Law Firm, LLC will primarily be involved in issues related to the Note
Litigation.  It is anticipated that the fees for services provided by The VerStandig Law Firm,
LLC will substantially exceed $20,000 because The VerStandig Law Firm, LLC, will be
representing parties other than the Debtor.  The $20,000.00 estimate is the share of the total fees
that are anticipated being charged to the Debtor for services providing a benefit to the Debtor.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

estimated to be less than $5,000.00. Administrative professional fees incurred prior to the Effective Date shall be paid on the later of the Effective Date, or upon approval by the Bankruptcy Court, from funds held by the Debtor. Amounts due to Wolff & Orenstein, LLC will be paid, in part, from the Twenty-Three Thousand Dollars ($23,000.00) held in its trust account and from other funds held by the Debtor. Each Allowed Administrative Expenses Claim shall be paid within thirty days of the entry of an Order approving the Administrative Expense Claim unless other arrangements are agreed to between the Debtor and the Administrative Expense Claimant.

      1.3.   <u>Priority Tax Claims</u>. Each Holder of an Allowed Priority Tax Claim shall receive from the Debtor, on account of such Allowed Priority Tax Claim, distributions that total the aggregate amount of the Allowed Priority Tax Claim, which distributions shall be made in equal quarterly payments with the first distribution to be made on the first day of the month following the Effective Date[2] and every three months thereafter until paid in full, which shall occur not later than five (5) years from the Petition Date, which shall be July 23, 2029; or (b) under such other terms as may be agreed upon by both the Holder of such Priority Tax Claim and the Debtor

---

    [2]   For example, if the Effective Date is January 23, 2025, the first payment would be due February 1, 2025.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

or (c) as otherwise ordered by a Final Order of the Bankruptcy Court. There are no known

Priority Tax Claims.

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

2.1.    General Overview. The Debtor has classified all Claims and Interests in

accordance with §§ 1122, 1123 and 1190 of the Bankruptcy Code. A chart detailing each Class

of Claims or Interests under the Plan, and the Debtor's proposed treatment for each is attached

hereto as **Appendix B**. A Claim is in a particular Class for purposes of voting on, and of

receiving distributions pursuant to the Plan only to the extent such Claim has not been paid,

released or otherwise settled prior to the Effective Date. The table in Section 2.2 below

identifies each Class of Claims under the Plan and whether such Class is Impaired or

Unimpaired.

2.2.    Designation of Classes. This Plan provides for the establishment of the following

Classes of Claims or Interests as provided in § 1122 of the Bankruptcy Code:

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| 1 | Allowed General Unsecured Claims | Impaired | Yes |
| 2 | Equity Interests | Unimpaired | No |

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

13

## ARTICLE III
## TREATMENT OF CLAIMS AND INTERESTS

3.1   <u>Class 1</u> – Allowed General Unsecured Claims: In full and complete satisfaction, discharge and release of the Class 1 Claims, the Debtor shall pay the Holders of Allowed Class 1 Claims, without interest, their pro-rata shares of all available projected disposable income, paid semi-annually beginning sixty (60) days after the Effective Date and continuing during the term of this Plan.  Pending resolution of the Note Litigation, payments to Holders of Allowed Class 1 Claims shall total no less than $5,000.00 each semi-annual period and will be paid by drawing on the DIP Financing if other funds are not then available.  Class 1 General Unsecured Claims that are undisputed total $50,000.00.  In addition, there are two scheduled general unsecured claims that have not been assigned a value because they are disputed and unliquidated.  Holders of Class 1 General Unsecured Claims are expected to receive one hundred percent (100%) of the principal amount of their Allowed Claims with interest at the contract rate.  Class 1 is impaired and therefore the Holders of Class 1 Claims are entitled to vote to accept or reject the Plan.

3.2   <u>Class 2</u> – Equity Interests:  On the Effective Date, the legal, equitable and contractual rights of the Debtor in its assets and properties shall be retained unaltered. Class 2 is Unimpaired.  As a result, pursuant to § 1126(f) of the Bankruptcy Code, the holders of the equity interests in the Debtor are conclusively deemed to have accepted the Plan and, therefore, are not entitled to vote to accept or reject the Plan.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

14

ARTICLE IV
EXECUTION AND IMPLEMENTATION OF PLAN

4.1.    Vesting of Property in the Debtor Free and Clear. Except as otherwise provided in this Plan or the Confirmation Order, all property of the Debtor's estate shall, pursuant to §§ 1141(b) and 1141(c) of the Bankruptcy Code, vest in the Debtor as of the Effective Date free and clear of any Claim of any Creditor provided for by this Plan.

4.2.    Corporate Governance. Upon the Effective Date, the day-to-day operations of the Debtor shall continue to be overseen by its Members.  To the extent applicable to a case under Subchapter V, the Debtor will amend its governing documents to comply with the provisions of Section 1123(a)(6) of the Bankruptcy Code.

4.3.    Source of Payments.  The sources and value of funds and assets for distribution is as follows:

(a)    The collection of the amounts due under the Energy Morocco Note.

(b)    The collection of the amounts due under the Notes.

**(c)**    DIP Financing.  WCPshall make advances to the Debtor from time to time with existing balances not to exceed $100,000.00 at any time. The amounts advanced shall accrue interest at the rate of Prime plus 3% per annum and shall be secured by a first-priority lien on and against all of the Debtor's assets.  The liens and security interests granted to WCP under this Plan shall become and are duly perfected without the necessity for the execution, filing or recording of financing statements, security agreements and other documents which might

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

otherwise be required pursuant to applicable non-bankruptcy law for the creation or perfection of

such liens and security interests.  Notwithstanding the foregoing, WCP may, in its sole

discretion, file such financing statements, security agreements, mortgages, deeds of trust, notices

of lien, or similar instruments or otherwise confirm perfection of such liens, security interests,

and mortgages consistent with this Plan, and all such documents shall be deemed to have been

filed or recorded at the time of and on the Effective Date.

    4.4.   <u>Plan Term</u>. Except as otherwise set forth in the Plan, the term of the Plan begins

on the Effective Date and ends on the sixtieth (60th) month subsequent to that date.

    4.5.   <u>Disposable Income and Plan Funding</u>. The Debtor's regular disposable income is

not calculable at this time because, it substantially depends upon the results of the Note

Litigation.  As addressed in Section 4.3 above, the sources of funds are the collection of the

amounts due under the Energy Morocco Note and the Notes**,** and will be supplemented by DIP

Financing to the extent necessary to make the required $5,000.00 in total semi-annual payments

to Holders of Allowed Class 1 Claims.

    4.6.   <u>Option to Pay Claims Sooner Than Projected</u>. In the event that the Debtor obtains

funds that are sufficient to satisfy its obligations under this Plan sooner than projected, the

Debtor may opt to pay any or all creditors early.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

ARTICLE V
DISTRIBUTIONS UNDER THE PLAN

5.1.    General. If the Debtor is able to recover the amounts due under the Notes,

Unsecured Creditors holding Allowed Claims will receive payment of their Claims in full.  If the

Debtor is unable to recover the amounts due under the Notes, Holders of Allowed Claims will be

paid pro rata from the Debtor's Disposable Income in accordance with the priorities set forth in

the Bankruptcy Code and this Plan.  In either event, the Debtor's Plan provides that creditors will

not receive less in this Chapter 11 Case than they would have received if this Chapter 11 Case

was converted to Chapter 7 because the Debtor's only assets are the Notes which would be

collected and distributed in either Chapter 7 or under this Plan, and because there would be no

DIP Financing supplement in Chapter 7.  In addition, the amounts to be distributed under

Chapter 7 would be reduced to the extent of the Chapter 7 Trustee's legal fees and commissions.

5.2.    Delivery of Distributions and Time Bar to Payment.  The Bankruptcy Code

provides, among other things, that if the Plan is approved on a consensual basis, the Debtor shall

make distributions provided for in the Plan.  In the event the Plan is approved on a non-

consensual basis, however, the Bankruptcy Code requires that, unless otherwise provided in the

Plan or order of the Bankruptcy Court, the Trustee shall make disbursements under the Plan.

Because disbursements by a Trustee (or other third party) increase the administrative costs under

or in connection with the Plan, the Debtor intends to seek approval of the Bankruptcy Court to

self-disburse distributions to Holders of Allowed Claims, whether confirmed on a consensual or

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

17

non-consensual basis. To the extent the Bankruptcy Court requires the Trustee disburse

distributions under the Plan, distributions to Holders of General Unsecured Claims could

potentially be reduced on account of estimated administrative costs.  Further, in the event the

Bankruptcy Court directs the Trustee to make distributions to Holders of Allowed Claims,

Holders of Allowed Claims must provide the Trustee a Form W-9 form before such distributions

commence.

The Debtor (or the Trustee if applicable) shall stop payment on any distribution check

that is not cleared through the account upon which such check is drawn within ninety (90) days

of the date of distribution. Distribution checks shall be mailed to the addresses given in Proofs of

Claim filed herein, or, as to those Creditors who did not file a Proof of Claim, to the addresses

listed in the Debtor's Schedules, unless the Debtor receives other instructions in writing from

such Creditor(s). All funds which are not distributed as a result of stopped checks shall become

property of the Debtor for use in subsequent distributions. It shall be the obligation of each

Creditor to provide written notice to the Debtor of any change of the Creditor's address.

5.3.    Disputed Claims.

(a)     A disputed Claim is a Claim that has not been Allowed or that has been

disallowed by Final Order and, either:

(i)     A Proof of Claim has been filed or deemed filed, and the Debtor or

another party in interest has filed an objection; or

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

(ii)      No Proof of Claim has been filed, and the Debtor has scheduled such Claim as disputed, contingent or unliquidated.

(b)      Delay of Distribution on a Disputed Claim. No distribution will be made on a disputed Claim unless the Claim is Allowed by a Final Order.

(c)      Settlement of Disputed Claims. The Debtor shall have the power and authority to settle and compromise a disputed Claim with Bankruptcy Court approval and compliance with the Bankruptcy Rule 9019.

ARTICLE VI
PAYMENTS TO CREDITORS UNDER THE PLAN

Unless otherwise provided in the Plan, funds received by the Debtor or otherwise included in this Plan shall be used to pay the following Claims in the priority indicated:

6.1.    Except as provided in § 1191(e) of the Bankruptcy Code, all Claims entitled to priority under § 507 of the Bankruptcy Code shall be paid in accordance with § 1129(a)(9) of the Bankruptcy Code and as set forth in Article I, Article III and **Appendix B**.

6.2.    Pursuant to § 1191(e) of the Bankruptcy Code, the payment of Claims entitled to priority under § 507(a)(2) and § 507(a)(3) of the Bankruptcy Code shall be paid under the Plan as set forth Article I and **Appendix B**.

6.3.    All Secured Claims, if any, shall be paid in accordance with § 1129(b)(2)(A), § 1191(b), and § 1191(c) of the Bankruptcy Code, as set forth in Article III and **Appendix B**.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

19

6.4.     *Parra-passu* with the foregoing Claims, sums received by the Debtor shall be paid, on a pro-rata basis, to Allowed General Unsecured Claims as set forth in Article III and **Appendix B**.

6.4.     In accordance with § 1191 of the Bankruptcy Code and the terms of the Plan, the holders of equity interests in the Debtor shall retain their interests in the Debtor as set forth in Article III and **Appendix B**.

ARTICLE VII
<u>TRUSTEE COMPENSATION</u>

The Trustee shall be paid for services rendered in this Chapter 11 Case as a Holder of an Administrative Expense Claim under § 507 of the Bankruptcy Code, and shall be paid by the Debtor as set forth in Section 1.2.  All fees and expenses requested by the Trustee are subject to review and approval by the Bankruptcy Court under §§ 329 and 330 of the Bankruptcy Code. The Debtor, Creditors, and any party-in-interest reserve the right to object to the extent and amount of the Trustee Compensation.  Debtor estimates the Administrative Expense Claim in favor of the Trustee will be approximately $10,000.00.

For services provided after the Confirmation Date, the Trustee shall file a Notice and serve a copy the Notice on all parties in interest. Absent an objection filed within thirty (30) days of the Notice, such amounts shall be paid by the Debtor (or the Trustee) within thirty (30) days of the expiration of the thirty (30) day objection period or, in the event of the filing of an objection, within thirty (30) days of the resolution of the objection.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

ARTICLE VIII
COMPENSATION TO DEBTOR'S PROFESSIONALS

8.1     The Debtor's attorney, Wolff & Orenstein, LLC, shall be paid for the services

rendered to the Debtor herein as an Administrative Expense Claim under § 507 of the

Bankruptcy Code and pursuant to Section 1.2 of this Plan. All fees and expenses requested by the

Debtor's attorney, are subject to review and approval by the Court under §§ 329 and 330 of the

Bankruptcy Code.  Debtor estimates the Administrative Expense Claim in favor of Wolff &

Orenstein, LLC to be approximately $50,000.00.

For services provided after the Confirmation Date, Wolff & Orenstein, LLC shall file the

Notice and serve a copy the Notice on all parties in interest. Absent an objection filed within

thirty (30) days of the Notice, such amounts shall be paid by the Debtor (or the Trustee) within

thirty (30) days of the expiration of the thirty (30) day objection period or, in the event of the

filing of an objection, within thirty (30) days of the resolution of the objection.

8.2     The Debtor's special counsel, The VerStandig Law Firm, LLC, primarily charged

with representing the Debtor in the Note Litigation and issues relating to the Note Litigation,

shall be paid for the services rendered to the Debtor herein as an Administrative Expense Claim

under § 507 of the Bankruptcy Code and pursuant to Section 1.2 of this Plan. All fees and

expenses requested by the Debtor's special counsel, are subject to review and approval by the

Court under §§ 329 and 330 of the Bankruptcy Code.  Debtor estimates the Administrative

Expense Claim in favor of The VerStandig Law Firm, LLC to be approximately $20,000.00.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

For services provided after the Confirmation Date, The VerStandig Law Firm, LLC, shall file the Notice and serve a copy the Notice on all parties in interest. Absent an objection filed within thirty (30) days of the Notice, such amounts shall be paid by the Debtor (or the Trustee) within thirty (30) days of the expiration of the thirty (30) day objection period or, in the event of the filing of an objection, within thirty (30) days of the resolution of the objection.

ARTICLE IX
LIQUIDATION ANALYSIS

Section 1190(1)(B) of the Bankruptcy Code dictate that the Debtor provide a liquidation analysis of its assets.  On their face, and as reflected in the Schedules filed by the Debtor in this case, the amounts due under the Energy Morocco Note and the Notes that are the subject of the Note Litigation exceed $2,400,000.00.  Because the amounts due under the Notes are tied up in, and impacted by the Note Litigation, it is difficult to determine what amounts will ultimately be realized from the Notes.  In Chapter 11 or in a case under Chapter 7 where the Notes would be liquidated by a Chapter 7 Trustee, the value of the Notes would be determined only as a result of the Note Litigation. The Debtor presently has no other assets.  In addition, semi-annual minimum payment will be provided through the DIP Financing which would not be available in a case under Chapter 7. The Debtor proposes to pay allowed Claims in full and, for that reason, Creditors will not receive less under this Plan than they would receive in a case under Chapter 7 of the Bankruptcy Code.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

ARTICLE X
**EXECUTORY CONTRACTS**

10.1.   <u>Rejection</u>. Pursuant to § 365 of the Bankruptcy Code, the Debtor rejects each

executory contract and unexpired lease, effective upon the Effective Date of this Plan, unless

(i) it has been previously assumed by Order of the Bankruptcy Court, (ii) is listed by the Debtor

as an assumed lease or executory contract, or (iii) is otherwise assumed in this Plan.  The Debtor

is not aware of the existence of any executory contracts or unexpired leases, does not intend to

assume any executory contracts or unexpired leases, and for that reason, rejects and executory

contracts or unexpired leases that may be determined to exist.

10.2.   <u>Rejection Damages</u>. Any Claim for damages against the Debtor arising from the

rejection by the Debtor of any executory contract or unexpired lease pursuant to this Article or

during the pendency of the Debtor's Chapter 11 Case shall be forever barred and shall not be

enforceable against the Debtor or its property or interests in property, and no Holder of any such

Claim shall participate in any distribution under the Plan with respect to such Claim, unless a

proper Proof of Claim arising from the rejection of an Executory Contract or an Unexpired Lease

under the Plan is filed with the Bankruptcy Court and served on the Trustee and the Debtor no

later than thirty (30) days after the Effective Date and the Claim is Allowed. Any Allowed

rejection damage Claim shall be treated as a Class 1 General Unsecured Claim.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

## ARTICLE XI
## GENERAL PROVISIONS

11.1.    Effect of Confirmation.

(a)    Binding on Debtor and Creditors. Except as provided in §§ 1141 or 1192 of the Bankruptcy Code, as applicable, the provisions of this Plan shall, upon the Confirmation Date, bind the Debtor, each and every Creditor of this estate and each party in interest, whether or not the Claim of such Creditor or party is provided for by the Plan and whether or not such Creditor or party has accepted or has rejected the Plan.

(b)    Injunction against Interference with Plan. Upon entry of the Confirmation Order, all Holders of a Claim along with their respective present or former assignees, employees, agents, officers, directors or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(c)    Default. An event of default under the Plan shall occur if the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than ten (10) days after the time specified in the Plan for such payment or other performance. Upon the occurrence of default, the United States Trustee or Creditor affected by the default shall provide Debtor's attorney, with a copy to the Trustee, of a written notice of default and a ten (10) day opportunity to cure or to move to obtain from the Bankruptcy Court an extension of time to cure the default, or a determination that no default occurred. In the event the Debtor fails to cure the default or seek and obtain an extension to cure from the

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

24

Bankruptcy Court, either or both of which shall constitute an "Event of Default," the affected

Creditor shall be entitled to enforce its/their state court rights and remedies under applicable state

law.

        (d)    <u>Injunction against Certain Actions</u>. Except upon an Event of Default under

this Plan or, in the case of an Allowed Secured Claim, the governing loan documents, as of the

Confirmation Date, all Holders of a Claim are permanently enjoined, from: (a) commencing,

conducting or continuing in any manner, directly or indirectly, any suit, action or other

proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral,

administrative or other forum) to enforce the Claim against the Debtor, or any of its property or

any direct or indirect successor in interest to the Debtor or any property of any such successor;

(b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment),

collecting or otherwise recovering by any manner or means, whether directly or indirectly, any

judgment, award, decree or order relating to the Claim against the Debtor or any of its property

or any direct or indirect successor in interest to the Debtor or any property of any such successor;

and (c) acting or proceeding in any manner, in any place whatsoever, that does not conform to or

comply with the provisions of this Plan to the fullest extent permitted by applicable law.

        (e)    <u>Rights of Action</u>. On and after the Confirmation Date, the Debtor shall

have the right and standing to enforce for the benefit of the Debtor and its Creditors, any and all

present or future rights, claims or causes of action against any person and rights of the Debtor

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

that arose before or after the Petition Date, including, but not limited to, rights, claims, causes of action, avoiding powers, suits and proceedings arising under §§ 510, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code.

11.2.    <u>Discharge</u>. If the Plan is confirmed as a consensual plan pursuant to 11 U.S.C. § 1191(a), on the Confirmation Date of this Plan, and subject to the occurrence of the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, but the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Bankruptcy Rule 4007(c); or (iii) of a kind specified in § 1141(d)(6)(B).  However, if the Plan is confirmed on a non-consensual basis pursuant to 11 U.S.C. § 1191(b), the Debtor will receive its discharge upon the payment of its final distribution in accordance with §1192.

11.3.    <u>Waiver of Certain Fees</u>. Except as otherwise set forth in this Plan, all Holders of Allowed Unsecured or Allowed Priority Tax Claims, waive all penalties, default interest and/or late fees that may have accrued on their Claims.

11.4.    <u>Professional Fees and Expenses</u>. Except as otherwise provided herein, all fees for services rendered and expenses incurred after the Confirmation Date by Professionals engaged by the Debtor shall be paid by the Debtor in the ordinary course of business without the necessity of filing fee applications or seeking approval of the Bankruptcy Court.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

11.5.   <u>Setoffs</u>. The Debtor reserves all rights to offset a mutual debt owed to any Creditor against such Creditor's Allowed Claim or against any distribution required to be made by the Debtor to such Creditor with respect to an Allowed Claim.

11.6.   <u>Modification of Plan</u>. The Debtor reserves the right, in accordance with § 1193 the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan.

11.7.   <u>Withdrawal or Revocation</u>. The Debtor may withdraw or revoke this Plan at any time prior to the Confirmation Date. If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date does not occur for any reason, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim or Interest by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any other person in any further proceedings involving the Debtor.

11.8.   <u>Notices</u>. Any notices to or requests of the Debtor or the Trustee by parties in interest under or in connection with this Plan shall be in writing and occur by electronic mail and served either by (i) regular first-class mail, return receipt requested, postage prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, all charges prepaid, and shall be deemed to have been given when received by the following parties:

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

The Debtor:

JPK NewCo, LLC
c/o Daniel Huertas
8401 Greensboro Drive
Suite 960
McLean, Virginia 221002

with copies to:

Jeffrey M. Orenstein, Esq.
Wolff & Orenstein, LLC
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
jorenstein@wolawgroup.com

The Trustee:

Stephen A. Metz, Subchapter V Trustee
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814

11.9.    Severability. If any provision in this Plan is determined to be unenforceable, the

determination will in no way limit or affect the enforceability and operative effect of any other

provision of the Plan.

11.10.    Binding Effect. The rights and obligations of any entity named or referred to in

this Plan will be binding upon, and will inure to the benefit of, the successors or assigns of such

entity.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

11.11.  <u>Appendices</u>. The Appendices attached to the Plan are incorporated into the Plan by reference as if the same were fully rewritten herein.

11.12.  <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

11.13.  <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Bankruptcy Rules), the laws of the District of Columbia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise providing in this Plan.

11.14.  <u>Notice of Effective Date</u>. The Debtor will file a Notice of Effective Date within seven days of the Effective Date.

11.15.  <u>Substantial Consummation</u>. Not later than 14 days after the Plan of the Debtor is substantially consummated, the Debtor shall file with the Bankruptcy Court and serve on the Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation.

11.16.  <u>Progress Reports</u>. As required under Local Rule 3022-1(d), the Debtor will file, and serve upon the U.S. Trustee, a progress report six (6) months after the entry of the confirmation order and every six (6) months thereafter, each report detailing the progress made towards full administration of the Plan, to include distributions made to-date and any other substantial activities that would impede full administration.

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

## ARTICLE XII
## PLAN PROPOSED IN GOOD FAITH

The Debtor represents that it is within the Debtor's ability to carry out this Plan, and the

Plan is submitted in good faith.

## ARTICLE XIII
## JURISDICTION OF THE BANKRUPTCY COURT

13.1    The Bankruptcy Court shall retain exclusive jurisdiction of all matters arising

under, arising out of, or related to, this Chapter 11 case and this Plan pursuant to, and for the

purposes of §§ 105(a) and 1142 of the Bankruptcy Code and for, among other things the

following purposes until such time as the Debtor's obligations under the Plan are fully

discharged:

(a)    To hear and determine any motions for the assumption or rejection of

Executory Contracts, and the allowance of any Claims resulting therefrom;

(b)    To determine any and all adversary proceedings, applications and

contested matters;

(c)    To hear and determine any objection to any Claims;

(d)    To liquidate or estimate damages or determine the manner and time for

such liquidation or estimation in connection with any contingent or unliquidated Claim;

(e)    To adjudicate all Claims to any lien on any of the Debtor's assets or any

proceeds thereof;

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

30

(f)     To enter and implement such orders as may be appropriate in the event the

Confirmation Order is for any reason stayed, revoked, modified or vacated, and/or if the

Effective Date never occurs;

(g)     To issue such orders in aid of execution of this Plan to the extent

authorized by § 1142 of the Bankruptcy Code;

(h)     To consider any modifications of this Plan, to cure any defect or omission,

or reconcile any inconsistency in any order of the Bankruptcy Court, including, without

limitation, the Confirmation Order;

(i)     To hear and determine all applications for compensation and

reimbursement of expenses of Professionals under §§ 330, 331 and 503(b) of the Bankruptcy

Code;

(j)     To enforce and interpret the Plan and to hear and determine any dispute or

any other matter arising out of or related to this Plan;

(k)     To recover all assets of the Debtor and property of the estate, wherever

located;

(l)     To hear and determine matters concerning state, local and federal taxes in

accordance with §§ 346, 505 and 1146 of the Bankruptcy Code;

(m)     To enforce and interpret the discharge of Claims and Interests affected by

this Plan and to enter and implement such orders as may be appropriate with regard thereto;

Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC

(n)    To hear any other matter consistent with the provisions of the Bankruptcy

Code;

(o)    To enter a final decree closing this Chapter 11 case; and

(p)    To hear and determine such other issues as the Bankruptcy Court deems

necessary and reasonable to carry out the intent and purposes of this Plan.


DATED: November 4, 2024                    JPK NewCo, LLC



                                            \s\ Daniel Huertas
                                    By: Daniel Huertas, Manager



                                     \s\ Jeffrey M. Orenstein
                                    JEFFREY M. ORENSTEIN (#428335)
                                    Wolff, & Orenstein, LLC
                                    15245 Shady Grove Road
                                    North Lobby, Suite 465
                                    Rockville, Maryland  20850
                                    (301) 250-7232
                                    jorenstein@wolawgroup.com

                                    Counsel for JPK NewCo, LLC








Wolff & Orenstein, LLC
Jeffrey M. Orenstein, Esq.
15245 Shady Grove Road
Suite 465
Rockville, Maryland 20850
(301) 250-7232
jorenstein@wolawgroup.com
Proposed attorneys for JPK NewCo, LLC