Stephen A. Metz, Bar No 89738
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
Phone: (240) 507-1723 | Fax: (240) 507-1735
smetz@offitukurman.com
*Subchpater V Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| JPK NewCo LLC | * | Case No. 24-00262-ELG |
| | * | Chapter 11 – Subchapter V |
| Debtor | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPLICATION FOR COMPENSATION
## IN A CASE UNDER SUBCHAPTER V OF CHAPTER 11

Stephen A. Metz, Subchapter V Trustee in this case (the "Applicant"), hereby requests entry of an order approving compensation and reimbursement of expenses incurred as Subchapter V Trustee in this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  By this Application, Applicant requests that the Court allow a chapter 11 administrative claim for fees of $7,920.00.  Applicant submits this application pursuant to § 330 and § 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016, and states as follows:

### Background

1. On July 23, 2024 (the "Petition Date"), Petitioning Creditor, Shaheen Sariri, filed with this Court an involuntary petition for relief under Subchapter V, Chapter 11 of the Bankruptcy Code against JPK NewCo LLC ("Debtor" or "Estate").  On August 7, 2024, the Court entered an Order for Relief.

2. On August 8, 2024, Applicant was appointed by the U.S. Trustee to serve as the Subchapter V Trustee in this case. DE 10.

**The Application**

3. The Application seeks interim allowance of fees incurred by Applicant. The Application seeks an allowance of compensation for time spent from August 8, 2024 through February 11, 2025. Attached to the Application as Exhibit A is a detailed breakdown of services rendered in connection with services which are the subject of this Application, reflecting time charges at the hourly rates of Applicant ("Statement"). The Statement reflects the date and description for such services. The rates charged by the Applicant are the rates customarily charged on routine, non-complicated matters, without considering the size of the case and the degree of responsibility, difficulty, complexity and results achieved for bankruptcy legal matters handled by Applicant.

4. The Statement reflects time expended by Applicant totaling 14.30 hours and charges of $7,920.00. In preparing the Statement, Applicant has reviewed the time charges to make sure that such time charges did not contain inefficiencies, excessive time spent in researching legal issues, and possible duplication of effort. Applicant does not believe the time charges contain inefficiencies, excessive time spent in researching legal issues, or any duplication of effort. Applicant therefore seeks compensation for the Fee Period of $7,920.00.

5. No agreement exists between Applicant and any other person, other than members of the Applicant's law firm, for the sharing of compensation received for services rendered in connection with this case.

**Compensation Guidelines and Analysis**

6.      Applicant submits the following standards have been complied with or are being complied with in this Application:

   A.     Exhibit A hereto represents a detailed statement of the services rendered, time expended and expenses incurred in the course of providing professional services to the Estate.

   B.     The total compensation requested per Exhibit A is $7,920.00.

   C.     Applicant believes that the services rendered were necessary in serving as Subchapter V Trustee and were beneficial to the Estate at the time the services were rendered.

   D.     Applicant hereby confirms that it has reviewed the time for which compensation is sought in this Application (Exhibit A hereto) and believes such compensation to be reasonable based on compensation approved by Bankruptcy Courts in similar cases.

7.      Applicant has also reviewed the time records set forth on Exhibit A by performing an analysis of the major tasks performed in the course of serving as Subchapter V Trustee during the Fee Period.  The tasks performed by Applicant during the Fee Period were as follows:

   a.     Applicant reviewed all pertinent filings, including the Debtor's Schedules and Statement of Financial Affairs.

   b.     Applicant attended the Meeting of Creditors, the Initial Status Conference, and hearings on the objections to applications to employ, Motion to Disgorge Fees, Motion to Dismiss and Motion to Extend Time to File Proof of Claim.

   c.     Applicant reviewed motions filed and the Chapter 11 Plan. Applicant also communicated with Debtor's counsel, the Office of the U.S. Trustee, and reviewed Debtor's Plan Report.

| **Timekeeper** | **Rate** | **Hour** | **Fee** |
|---|---|---|---|
| Stephen A. Metz – Attorney | $545.00 | 12.00 | $6,540.00 |
| Stephen A. Metz – Attorney | $600.00 | 2.30 | $ 1,380.00 |
| TOTAL: | | 14.30 | $7,920.00 |

## Lodestar Analysis

8. Under the lodestar analysis of twelve (12) factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adopted by this Circuit in *In re AOV Industries, Inc.*, 797 F.2d 1004 (D.C. Cir. 1986), Applicant submits the following analysis:

 A. **Time and Labor Expended**. The detailed statement of services of Applicant is attached as Exhibit A. Applicant has reviewed the Statement for duplicative or unnecessary entries and has determined that none exist. The time entries reflect, in Applicant's judgment, the efficiency with which Applicant, *inter alia,* served as Subchapter V Trustee during the Fee Period.

 B. **Novelty and Difficulty of Questions Raised**. The issues raised and the objections to applications to employ, motion to disgorge and motion to dismiss were novel and/or difficult questions.

 C. **Skill Required to Properly Perform Legal Services Rendered**. Other than Applicant's expertise in serving as a Subchapter V Trustee, Applicant does not believe that the skill of Applicant was a significant factor in the services provided during the Fee Period.

 D. **Applicant's Opportunity Costs in Prosecuting the Instant Litigation**. Applicant does not believe the opportunity costs in representing the Trustee was a factor in this case.

 E. **Customary Fees for Like Work**. Applicant's rates are, on information and belief, consistent with rates charged by other experienced Subchapter V Trustees and bankruptcy counsel in similar matters and are certainly not at the high end of the range of said fees.

    F. **Applicant's Expectation at the Outset of Litigation**.  Applicant's expectation of compensation at the outset of this matter was that it would be compensated in accordance with its usual hourly rates by the Debtor's Estate for services provided.

    G. **Time Limitations**.  Applicant does not believe that time limitations in serving as Subchapter V Trustee was a significant factor in this proceeding.

    H. **Amount in Controversy and Result Obtained**.  The fees requested are reasonable for this case.  The services performed by Applicant to address the issues in this case were necessary and benefitted the Estate.

    I. **Experience, Representation and Ability of Counsel**.  Applicant possesses the experience to provide the required bankruptcy legal services which the Debtor's Estate required in the Fee Period.

    J. **Undesirability of Case**.  Applicant does not believe that this case was an undesirable one and therefore does not believe that this was a significant factor in this proceeding.

    K. **Professional Relationship with Client**.  Applicant served as Subchapter V Trustee in this case in all aspects of this proceeding during the Fee Period.

    L. **Fee Awards in Similar Cases**.  The services for which compensation is sought in this Application were provided at standard hourly rates of Applicant.  As such, the fees sought are certainly comparable to fees for services provided in similar cases.

  9. Applicant submits that the fees requested herein are appropriate under the circumstances of this case.

  **WHEREFORE**, Applicant prays that it be awarded compensation for the Fee Period in the amount of $7,920.00 in the course of serving as Subchapter V Trustee, for the total allowance of

$7,920.00, and that Applicant have such other and further relief as this Honorable Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ Stephen A. Metz
Stephen A. Metz, Bar No. 463044
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
Phone: (240) 507-1723 | Fax: (240) 507-1735
smetz@offitukurman.com
*Subchapter V Trustee*

Dated:  February 12, 2025

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of February, 2025, I served a copy of this **Application for Allowance of Compensation** and **proposed Order**, via first class mail, postage prepaid, to:

Office of the U. S. Trustee  
1725 Duke Street, Suite 650  
Alexandria, VA 22314-3489

      The following received a copy of this Fee Application on February 12, 2025, via CM/ECF:

- **Hugh M Bernstein**     hugh.m.bernstein@usdoj.gov
- **Kristen E Burgers**     kburgers@hirschlerlaw.com, ndysart@hirschlerlaw.com
- **Kristen S. Eustis**     Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov
- **Stephen A. Metz**     smetz@offitkurman.com, MD71@ecfcbis.com
- **Jeffrey M. Orenstein**     jorenstein@wolawgroup.com, kdriscoll@wolawgroup.com;mwolff@wolawgroup.com
- **James D. Sadowski**     jds@gdllaw.com, mer@gdllaw.com
- **U. S. Trustee for Region Four**     USTPRegion04.DC.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**     mac@mbvesq.com, lisa@mbvesq.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                    /s/ Stephen A. Metz  
                                                    Stephen A. Metz

4903-6561-6918, v. 2