IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>JPK NEWCO, LLC,<br><br>      *Debtor.* | Case No.: 24-00262-ELG<br>Chapter 11 |

**LIMITED OBJECTION TO APPLICATION FOR COMPENSATION FILED BY WOLFF & ORENSTEIN, LLC AS ATTORNEY'S FOR DEBTOR**

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy"), two persons that were impacted by this involuntary Chapter 11 Case, file this limited Objection to the application for compensation filed by Wolff & Orenstein, LLC ("Applicant") on February 11, 2025 (ECF No. 82). In support of this limited Objection to reserve rights, Developer RE1 and 423 Kennedy represent to the Court as follows:

Brief Background

1.     Developer RE1 and 423 Kennedy are borrowers under certain loan documents who have been damaged by what they firmly believe was the bad faith filing of this involuntary case by a friendly creditor of the Debtor for the improper purpose of trying to help the Debor, the companies that wholly own the Debtor , SF NU, LLC ("SF NU") and the WCP Fund I, LLC (the "WCP Fund I"), and Daniel Huertas, the person that controls the WCP Fund, create a "core proceeding" as a jurisdictional bootstrap for the improper removal of two D.C. Superior Court cases by the owners of, and persons affiliated with, the Debtor. *See generally* Case No. 24-10023-ELG (adversary proceeding removed to this Court by the WCP Fund I, DP Capital, LLC, Mr. Huertas, Russell Drazin, and SF NU).

2. The US Trustee's office filed a motion to dismiss this case for being filed in bad faith (ECF No. 37), to which Developer RE1 and 423 Kennedy filed a Statement in Support (ECF No. 57). The Debtor, the WCP Fund I, and the petitioning creditor filed oppositions, essentially arguing that there was "nothing to see here" other than what they claim was a legitimate involuntary Chapter 11 bankruptcy filing. *See* ECF Nos. 48, 56, and 58.

3. The Court initially set an evidentiary hearing on the motion to dismiss for two days in February of this year. The Court also granted the US Trustee's request to conduct discovery and issued a scheduling order that was later modified. *See* ECF Nos. 70, 74, and 76.

4. Then starting in December of last year, for reasons still unknown to Developer RE1 and 423 Kennedy, the US Trustee's office started showing signs that it was not going to pursue discovery. To Developer RE1 and 423 Kennedy's knowledge, the US Trustee's office did not serve any discovery requests or take any depositions.

5. On January 28, 2025, a hearing was held in Case No. 24-10023-ELG (the removed adversary proceeding) on various motions. At the conclusion of that hearing, the undersigned notified the Court that 423 Kennedy and Developer RE1 were planning to file their own motion to dismiss this case for being filed in bad faith. Special counsel for the Debtor attended that hearing.

6. On February 11, 2025, the Applicant filed a request for compensation seeking $32,500 in compensation, $23,000 of which would come from a retainer, and the balance of which ($9,500) would be "paid by the Debtor." ECF No. 82.

7. On February 12, 2025, the Subchapter V Trustee filed a request for compensation seeking $7,920 in compensation as an administrative expense. ECF No. 83.

2

8. The last Monthly Operating Report for the Debtor (for January 2025) shows that the Debtor has one bank account with a balance of $935.00 and $26,000 in "Notes Receivable". ECF No. 84. No subsequent Monthly Operating Report has been field by the Debtor. The Debtor does not appear to have sufficient cash on hand to compensate the Applicant.

9. On February 18, 2025, the undersigned sent an email to counsel for the US Trustee's office (to Ms. Eustis) asking her if she had "five minutes to connect on the status [of this case]" and informing her of 423 Kennedy and Developer RE1's plan to file their own motion to dismiss this case for being filed in bad faith, which the undersigned hoped would be ready for filing by Friday, February 21, 2025. Ms. Eustis did not respond to that email.

10. On Monday, February 24, 2025, the Court entered an order dismissing this case "WITHOUT PREJUDICE" solely on the basis that the Debtor "failed to pay the quarterly fee due to the United States Truste [sic – "Trustee"]" and for no other reason. ECF No. 85. That dismissal order was apparently being negotiated by counsel for the US Trustee, the Debtor, the WCP Fund I, and the petitioning creditor prior to being entered on February 24, 2025.

11. Despite Developer RE1 and 423 Kennedy's obvious interest in the dismissal of this case and the reasons for that dismissal, neither of the persons that endorsed the order communicated with counsel for Developer RE1 and 423 Kennedy about (a) the contents of the order or (b) how the case was going to be dismissed before the order was entered – this even though that courtesy was extended to the undersigned before the submission of prior orders dealing with the US Trustee's motion to dismiss. Put another way, the undersigned was kept in the dark about when and why this case was going to be dismissed.

12. From the outset, this bankruptcy case has reeked with the stench of having been filed in bad faith by a company that has no employees, no discernible business purpose, no

operating expenses, and that is controlled by persons that were sued by Developer RE1 and 423 Kennedy.

13.  It now appears that the Debtor, which was just the alter ego of the WCP Fund, Mr. Huertas, and SF NU, having first orchestrated a bad faith bankruptcy filing, have now orchestrated the dismissal of this case based upon a "foot fault" (the failure to pay a quarterly fee) for the express purpose of pre-empting, and avoiding, a "bad faith" determination by this Court that could have resulted in the issuance of sanctions against one or more of them.

Limited Objection to Reserve Rights

14.  Developer RE1 and 423 Kennedy lodge this limited objection to object to what they view as a continuing abuse of the bankruptcy court process.  As a result of negotiating a dismissal "without prejudice" for the failure to pay a quarterly fee, the persons that Developer RE1 and 423 Kennedy firmly believe colluded to file this case in bad faith (the Debtor, the WCP Fund I, SF NU, and Mr. Huertas) appear to have now colluded further to have this case dismissed pre-emptively in order to attempt to immunize themselves from a potential sanctions award sought by Developer RE1 and 423 Kennedy.

15.  Developer RE1 and 423 Kennedy object to this Court rewarding anyone that is found to have participated in the filing of this case in bad faith.  Because the US Trustee's office appears to have (a) abandoned discovery on the bad faith filing issue and (b) failed to provide Developer RE1 or 423 Kennedy any opportunity to provide input into the dismissal order that was entered, Developer RE1 and 423 Kennedy cannot at this time determine the scope of any other person's involvement, including the Applicant's, if any, in the coordination of the filing of this case.

4

16. To be clear, this limited objection is not being filed to cast any dispersions on the Applicant or to otherwise imply that the Applicant participated in a bad faith filing or did anything improper, but rather to preserve Developer RE1's and 423 Kennedy's rights to seek sanctions against those persons that are later found to have participated in the filing of a bankruptcy case in bad faith. Developer RE1 and 423 Kennedy may seek a modification of the dismissal order for that purpose.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: March 4, 2025

/s/ James D. Sadowski
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Developer RE1 LLC and
423 Kennedy St Holdings LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2025, a true copy of the foregoing Limited Objection to Application for Compensation was filed electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

8161\0002\4906-1194-1156.v1